[S. F. No. 2014.  In Bank.—September 4, 1903.]

# MILLER & LUX, Respondent, v. KERN COUNTY LAND COMPANY, Appellant.

VENUE—ACTION TO RECOVER DAMAGES FOR INJURY TO CANAL—PLACE OF COMMENCEMENT—PRINCIPAL PLACE OF BUSINESS OF CORPORATION—CONSTRUCTION OF CONSTITUTION.—Section 5 of article VI of the constitution, limiting the place for the commencement of certain real actions, is to be strictly construed, and does not include an action to recover damages for injury to a canal, where there is nothing in the complaint to indicate that the defendant claims any right or title to the easement of the canal. Such an action may be commenced in the county of the principal place of business of the corporation defendant; and the jurisdiction of the superior court therein is not divested merely because the answer of the corporation makes it appear that the action will involve the question of title to or possession of real property. [Beatty, C. J., dissenting.]

ID.—CHANGE OF VENUE—CONVENIENCE OF WITNESSES—DISCRETION.—A motion for a change of venue on account of the convenience of witnesses is addressed to the discretion of the court, and its action on the motion will not be interfered with on appeal unless there has been a clear abuse of discretion.

ID.—AFFIDAVIT AS TO PHYSICAL CONDITION OF WITNESS—CHRONIC BRONCHITIS—JUDICIAL NOTICE—RULING WITHOUT PREJUDICE.—An affidavit of a physician to the physical condition of a witness afflicted with chronic bronchitis, and as to its being dangerous for him to be in the climate of San Francisco at the season of the year when the affidavit was made, cannot be material upon the question of the change of the place of trial, however material it might be upon the question of time for trial. This court cannot take judicial notice that the climate of San Francisco is at all times dangerous for such a witness; and the exclusion of such affidavit upon the motion to change the place of trial was without prejudice to the defendant.

ID.—REBUTTING AFFIDAVIT—PART OF ORIGINAL CASE.—The exclusion of part of a rebutting affidavit, which was clearly a part of the original case for the defendant, was not erroneous.

ID.—AFFIDAVITS TO BE LIMITED TO ISSUES.—Affidavits on a motion for a change of the place of trial, to be considered should be limited to the issues made, and if issue is not joined upon an amended pleading, which had been served long prior to the hearing of a motion, affidavits to the contrary are not material.

ID.—OBJECTION TO AFFIDAVITS—GROUND NOT SPECIFIED—SUPPORT OF RULING.—Although the ground of an objection to affidavits was

not specified, yet, if they were excluded, the ruling must be affirmed if any reason appears for which the evidence should have been excluded.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to change the place of trial.    Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Eells, Page, McCutchen, Harding & Knight, Page, McCutchen & Knight, and Charles W. Willard, for Appellant.

Houghton & Houghton, E. B. & George H. Mastick, and W. B. Treadwell, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order denying defendant's motion for an order transferring the cause from the superior court of the city and county of San Francisco to the superior court of Kern County.   Both parties are corporations which have their principal places of business in San Francisco.   The action was to recover damages for injury to real property situate in Kern County.   The complaint shows that plaintiff had constructed and was maintaining a canal over land belonging to defendant, which defendant, as is alleged, wrongfully obstructed to the damage of plaintiffs in the sum of twenty-five thousand dollars.   This appeal was heard and determined in Department, where it was held that, as the answer contained allegations of such a nature that the right to an easement will necessarily be involved, the case was brought within that portion of section 5 of article VI of the constitution, which provides that "all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof affected by such action or actions, is situated," and that, consequently, the superior court of the city and county of San Francisco had no jurisdiction of the action.   Accordingly, it was ordered that the cause be remanded, with directions to the superior court to dismiss the action.   A rehearing was granted, and, upon further consideration, we are satisfied

that the constitutional provision above cited can have no application to the case at bar.

This is a case which, so far as the complaint shows, was within the jurisdiction of the superior court of the city and county of San Francisco. It was, under the complaint, an ordinary action for damages to real property, the plaintiff seeking nothing but a judgment for twenty-five thousand dollars damages, and the complaint containing nothing to indicate that the defendant claimed any right or title to the easement. This was the construction given to the complaint on the appeal from an order refusing to change the place of trial before answer. (*Miller & Lux* v. *Kern County Land Co.*, 134 Cal. 586.) The provision of the constitution above cited is a limitation on the general jurisdiction of the superior court, and is to be strictly construed. It goes no further than to prohibit the *commencement* of certain enumerated actions affecting real property in counties other than those in which the realty is situated. It simply provides that actions *for the recovery of the possession of, quieting the title to,* or *for the enforcement of liens upon* real property, shall be *commenced* in the county where the real property is situated. The complaint here did not show an action falling in any of these classes. It, therefore, stated a case within the jurisdiction of the San Francisco court, and, upon its filing, that court acquired jurisdiction of the cause. The action having been properly commenced, so far as the constitutional provision is concerned, and jurisdiction having once attached, we cannot construe that provision as operating to divest jurisdiction merely because the answer contains allegations that make it apparent that the determination of the action will necessarily involve the question of title to or possession of real property. The filing of such an answer cannot operate to change the character of plaintiff's action. Numerous instances might be cited of cases purely personal in their nature, where, by reason of the answer, the question of title to or possession of real property becomes involved. A construction that will make the determination of the question of jurisdiction depend upon what may be done by the defendant subsequent to the commencement of the action is not to be favored. The law should be such as to inform a plaintiff

with certainty as to the place where he may bring his action. But the provision in question affords little room for construction. It refers solely to the time of the commencement of the action, and makes the question of jurisdiction depend upon the condition of the record at that time. If the framers of the constitution had intended otherwise, they could have made such intention clear by providing that such actions must also be tried in the county where the realty is situated, as the legislature has done in section 392 of the Code of Civil Procedure, or they could have provided for a transfer of the cause to such county whenever it appeared that a question as to realty was involved, by a statute substantially like that relating to justice's courts. (Code Civ. Proc., sec. 838.) But they industriously stopped with the word "commenced," and it is not for the courts to legislate in the matter. They must take the law as it is written. It is suggested that, so construed, the constitutional provision may be systematically evaded, and that an action solely for damages for trespass could often be substituted for an action to quiet title at the option of the plaintiff. That may be true, but it is no answer. As said before, the law must be taken as it is written. But it may be suggested that the danger is more fanciful than real. If the defendant be not a corporation, with its principal place of business in some county other than that in which the land is situated, he may have the action transferred to the county in which the property is situated, under the provisions of section 392 of the Code of Civil Procedure. (*Miller & Lux* v. *Kern County Land Co.*, 134 Cal. 586.) The cases of *Fritts* v. *Camp,* 94 Cal. 393, and *Pacific Yacht Club* v. *Sausalito Bay Water Co.*, 98 Cal. 487, are not in point, for in each of those cases the complaint showed that the action was brought to quiet title to real estate. This was pointed out in the Department opinion on this appeal. In the former of those cases, the court said: "Where such questions are brought in after the suit has been commenced, or arise incidentally, there is room for argument. But where, as here, one avowed purpose of the action is to quiet an adverse claim to real estate, courts outside of the county in which the land is situated have no jurisdiction."

If there is anything inconsistent with the views herein expressed in the commissioner's opinion in *Staacke* v. *Bell*, 125 Cal. 309, it must be disapproved.

We have fully considered the other questions arising upon this appeal, and find no warrant for a reversal of the order of the court below. Much is necessarily confided to the discretion of the trial court on motions for a change of place of trial on the ground of convenience of witnesses, and it is only where it is clear ·that there has been an abuse of such discretion that this court will interfere. It cannot be said that such an abuse of discretion appears in the case at bar. The stipulation filed by plaintiff at the hearing of the motion, to the effect that certain facts would be admitted at the trial, was of such a nature that it renders unnecessary the presence of many of the witnesses named in defendant's affidavit at the trial; so many, in fact, that it cannot be said that the preponderance in number of witnesses as to material facts is in favor of defendant. All except three of the witnesses named in defendant's affidavit are officers and employees of defendant, and the residence of two of these three was disputed by plaintiff's affidavit. The stipulation filed by plaintiff, consenting that the action pending in Kern County should be transferred to San Francisco, disposes of the objection that this action should be transferred to Kern County, so that the two actions might be tried together. The location of the property relating to which the controversy arises is not conclusive in applications of this character. On all the facts appearing in the record, it was clearly within the discretionary power of the lower court to either grant or deny this motion, and that court cannot be held to have abused that discretion, whichever way it decided the motion.

Two errors in the action of the lower court in excluding evidence offered by defendant are alleged. One relates to the exclusion of an alleged affidavit by a physician as to the physical condition of an officer of defendant corporation whose presence will be essential at the trial, both as a witness and for the purpose of caring for defendant's interests. Conceding that the paper was in proper form, its exclusion was without prejudice to defendant. It contained the testimony of the physician of the witness to the effect that the witness

was affected with chronic bronchitis, and that he considered it dangerous to the health of the witness to be in the climate of San Francisco "*at this season of the year*," and was sworn to on November 9, 1898. This was immaterial on a motion for a change of place of trial, however material it might be on a motion to fix a time for trial, or on a motion for a continuance. It can hardly be held, as suggested by learned counsel for defendant, that this court will take judicial notice that the climate of San Francisco is at all times dangerous to one afflicted with chronic bronchitis, simply because it is dangerous at one season of the year. But in addition to this, the uncontradicted affidavit of Mr. Drum fully covered this matter. The other alleged error relates to the exclusion by the court below of a large portion of an affidavit offered by defendant in rebuttal. The court sustained an objection of plaintiff to such portion made on the ground that the same was not in rebuttal, in so far as the same related to the additional witnesses mentioned therein not mentioned in the prior affidavits of defendant, and considered the affidavit in all other respects. The excluded portion as to all questions, except that of the susceptibility of plaintiff's land to irrigation from certain waters, was clearly a part of defendant's original case, and not rebuttal. As to the portion of such affidavit relative to witnesses who would testify on the question of such susceptibility of plaintiff's land to irrigation, it is claimed by defendant that such testimony was made essential by an amendment to the complaint filed on the day of the hearing of this motion, and immediately prior to the commencement of such hearing. The original complaint had alleged that plaintiff's land had been irrigated by such waters, and by the amendment such allegation was omitted, and an allegation to the effect that such lands were susceptible to such irrigation was substituted. Such proposed amendment had been served twenty days prior to the hearing of the motion. The defendant, in its original answer, had denied the original allegation as to irrigation, but at the time of the hearing of this motion had in no way answered the amended allegation. Issue had not been joined thereon, and it does not appear that any effort was made to postpone hearing on the motion until such joinder could be made; nor is there

anything to show that defendant proposed to contest such allegation, except so far as the statements in the offered affidavit to the effect that certain of the witnesses named would testify that the lands were not so susceptible tend to show such intent. Plaintiff claims that there was no material change made by the amendment. If this be so, the proposed testimony was within the original issues, and defendant's original affidavit should have contained the showing. If it was not within the original issues, it was not material on the hearing of the motion, for no issue had been joined on the amendment. The courts in passing on motions for a change of venue on the ground of convenience of witnesses will not consider any proposed testimony unless it is material to some issue already made. Although the objection made by plaintiff did not specify this particular ground, the ruling of the court below sustaining the objection must be affirmed, if "there appears any reason for which the evidence should have been excluded." (*Davey* v. *Southern Pacific Co.,* 116 Cal. 325 (330).)

The order is affirmed.

Van Dyke, J., Shaw, J., and McFarland, J., concurred.

BEATTY, C. J., dissenting.—I dissent. The principal question decided by the court relates to the construction of the proviso in section 5 of article VI of the constitution, requiring certain actions to be commenced in the county where the real property to be affected is situate. This is a question which, in my opinion, could not be raised by either party to the present or to the former appeal herein, each of said appeals being from an order refusing to change the place of trial of the action. The appellant could not very consistently ask the court to reverse an order upon the ground that the superior court had no jurisdiction to consider its own motion, and the respondent was not likely to ask an affirmance of the order upon a ground which would involve a dismissal of its action. The court could, however,—as on this second appeal the Department did,—consider the point when suggested, and, disregarding the alleged errors of the superior court in ruling upon the motion, direct a dismissal of the action if it appeared upon an inspection of the pleadings that the court in which it was commenced had no jurisdiction to entertain it.

The further consideration which I have given to the case since the rehearing was ordered has convinced me that the conclusion reached by the Department was correct, though it has at the same time confirmed me in the opinion that upon one important point the decision was erroneous. It was said at the close of the Department opinion that the question of jurisdiction, although involved in the present appeal, could not have arisen upon the former appeal (*Miller & Lux* v. *Kern County Land Co.*, 134 Cal. 586), the meaning of the court and the effect of the decision being, that the complaint in this case, when filed, did not disclose a want of jurisdiction in the superior court of San Francisco, although it tendered an issue of title to realty in Kern, but that the want of jurisdiction did appear upon the filing of an answer denying title, from which it was concluded that it then became the duty of the superior court to dismiss the action. This view appeared to me to be untenable, and such is now the final decision of the court in Bank. It is held that if a complaint when filed does not show that the title alleged by the plaintiff is disputed by the defendant, the filing of an answer denying the asserted title does not bring the case within the proviso above quoted, which by its terms merely prohibits the *commencement* of certain actions in certain counties. So far as the effect of a denial in the answer is concerned, I do not dissent from the proposition. If the complaint shows that the action is *commenced* in a proper county, I do not think anything alleged in the answer could justify the conclusion that the action was not properly commenced. But I differ with the court as to the nature of the action disclosed by the complaint. I think that within the principle of the decision in the two cases cited by Justice Angellotti (*Fritts* v. *Camp*, 94 Cal. 393, and *Pacific Yacht Club* v. *Sausalito Bay Water Co.*, 98 Cal. 487) the complaint herein showed on its face that the action was one to quiet title. It is true that in those cases the opinions went expressly on the ground that the complaints showed a disputed title, and in the latter it was said *obiter* that a complaint lacking this feature would not be within the proviso. Yet it was held at the same time that in order to bring a case within the proviso, it was not necessary that the object of the action should be a decree quieting title to realty, but only that it should appear

from the complaint that the effect of a judgment for plaintiff would be to quiet his title, although no such judgment was asked and none such could be rendered. If this principle was established by those decisions,—as it clearly seems to have been,—it follows that whenever one of the material allegations of the complaint is title to realty, when, in other words, a judgment for plaintiff could not be supported without an affirmative finding or an admission of the title alleged, the action must be held to be an action to quiet title within the meaning of the constitution. For the admission or finding of title will necessarily raise as complete an estoppel against the defendant as could possibly have resulted from any judgment for plaintiff in *Fritts* v. *Camp,* or *Pacific Yacht Club* v. *Sausalito Bay Water Co.*

The possibility in such case that the defendant may not deny the allegation of title can make no difference, for in an action expressly designed to quiet title the defendant may disclaim, and yet no one would contend that the possibility, or even the fact, of such disclaimer would empower the superior court of San Francisco to proceed in an action commenced there for the purpose of quieting title to realty situated in Kern. I think the action was improperly commenced in San Francisco, and should be dismissed. To hold otherwise is to concede the power of any person desiring to quiet title to real property against the adverse claims of a corporation to set at naught the mandate of the constitution by the simple device of suing in form for damages or for an injunction and suppressing the fact that the title which he must establish in order to recover is disputed by the defendant. I do not think the constitution is of so little efficacy as this conclusion would imply.

But conceding, as I must, under the decision of the court, that the action was properly commenced in San Francisco, I think that when it appeared by the answer that the question to be litigated was an adverse claim of title to realty situated in Kern County, that circumstance should have been allowed controlling weight in determining the right to a change of the place of trial, in the absence of a very strong showing that the convenience of witnesses and the interests of justice would be promoted by a trial in San Francisco. There was no such

showing. On the contrary,—as was to be expected in view of the issues to be tried,—there was a decided preponderance of evidence to the effect that, for the convenience of witnesses and the saving of expense, the case should be tried in Kern.

It is a peculiar feature of this case that, prior to the commencement of this action in San Francisco, the plaintiff had commenced another action in Kern County to quiet its title to the same easement which is here alleged as the basis of its claim for damages. The pendency of that action in Kern County was made one of the grounds of the application for a change of the place of trial. To meet this ground of the motion plaintiff offered to stipulate that the action so properly commenced in Kern County might be transferred to San Francisco for trial. I cannot agree with the court as to the effect of this offer. So far from being a concession to the defendant, it was merely a proposition that it should surrender an undoubted constitutional right in order to insure its deprivation of a statutory right.

Upon the whole case I cannot think it was a proper exercise of discretion to overrule defendant's motion.

Rehearing denied.