[Civ. No. 861.   First Appellate District.—February 27, 1911.]

## ALICE L. PARK, CARL J. PARK and HARRIET PARK, Appellants, v. LEWIS E. GRUWELL, Respondent.

VENUE—CHANGE TO RESIDENCE OF DEFENDANT—MOTION FOR RECHANGE TO FIRST VENUE—CONVENIENCE OF WITNESSES—DISCRETION—REVIEW UPON APPEAL.—Where the original venue of an action brought in Santa Clara county was changed to Lake county, the residence of the defendant, and after the cause was at issue, plaintiffs moved to rechange the place of trial to Santa Clara county, where the cause of action arose, for the convenience of witnesses, and the motion was denied, the determination of such motion rests largely in the discretion of the trial court, and the appellate court can only interfere when there is plainly an abuse of discretion on the part of the trial court disclosed by the record.

ID.—ABUSE OF DISCRETION—ACTION FOR DEATH CAUSED BY DEFENDANT IN SANTA CLARA COUNTY—CONVENIENCE OF WITNESSES REQUIRING CHANGE.—It is held that the record shows an abuse of discretion in denying the motion, as the cause of action is by the wife and children of a decedent, who was killed by defendant in Santa Clara county, and the convenience of all the witnesses to the accident for both parties, other than the defendant himself, will be promoted by the change, and none of the witnesses thereto can be compelled to attend in Lake county, the access to which is inconvenient; and it would be unjust to plaintiffs to be compelled to take the depositions of all of their witnesses for trial in Lake county.

APPEAL from an order of the Superior Court of Lake County refusing to change the place of trial for the convenience of witnesses.   V. S. Sayre, Judge.

The facts are stated in the opinion of the court.

Albert H. Elliott, and Herbert V. Keeling, for Appellants.

C. M. Crawford, for Respondent.

HALL, J.—Plaintiffs, as the widow and children of Dean W. Park, brought this action in Santa Clara county to recover damages for the death of said Dean W. Park, alleged to have been caused through the negligence of defendant. Defendant is a minor and appeared by his guardian *ad litem,* Fannie H. Gruwell.

Upon demand of the defendant, before answer filed, the place of trial of said action was changed to Lake county, where defendant resides. After answer had been filed plaintiffs moved that the place of trial be changed to Santa Clara county, upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change. This motion was denied, and plaintiffs in due time appealed.

It is alleged in substance in the complaint that while Dean W. Park was riding a bicycle in an easterly direction along a driveway in the grounds of the Leland Stanford Jr. University, defendant at the same time and place was riding a bicycle in a westerly direction at a reckless and dangerous rate of speed, and so carelessly and negligently rode and ran the same that, without fault of said Dean W. Park, defendant ran into and collided with said Park and injured him so that he died from such injuries about four hours later.

Defendant in his answer denied the allegations of the complaint constituting the gravamen of the action, including the allegation as to the death of said Park. Defendant also affirmatively pleaded that the collision and injury to said Park, if any was received, were caused by the negligence of said Park.

The motion was heard upon the complaint and answer, affidavit of plaintiff Alice L. Park, affidavit of Fannie H. Gruwell, guardian *ad litem* of defendant, and a certified copy of the testimony taken at the coroner's inquest on the body of Dean W. Park.

Appellants, at the outset, very properly concede that the granting or refusing a change of venue upon the grounds upon

which the motion was based rests largely in the discretion of the trial court, and that this court can only interfere when there is plainly an abuse of discretion on the part of the trial court disclosed by the record. Appellants, however, contend that the record does show such an abuse of discretion, and, after a careful examination of the record, in the correctness of this position we are constrained to agree.

The accident occurred at Palo Alto, in Santa Clara county, where all the plaintiffs and all the witnesses to the accident reside. Indeed, it appears that all the witnesses, whether they saw the accident or not, reside at Palo Alto, except the defendant, his guardian *ad litem,* and one Borland, who, it is shown, resides in the city and county of San Francisco. No showing, however, was made as to what either the guardian *ad litem* or said Borland could or would testify to. It is apparent that a resident of San Francisco could more easily appear as a witness at San Jose, the county seat of Santa Clara county, than at Lakeport, the county seat of Lake county, which, as the record shows, cannot be reached by way of any railroad at all, and which is at a much greater distance from San Francisco than is San Jose.

It is true likewise that the affidavit of plaintiff Alice L. Park does not disclose what testimony can or will be given by the witnesses named by her, but she does name as the witnesses that will be produced by plaintiffs at the trial Ledley L. Ware, a teacher at said university, Franklin F. Wolff, Josiah H. Kirk, a practicing physician at Palo Alto, Josiah W. Roller, Alva L. Jewett and James Stevenson. The certified copy of the testimony taken at the coroner's inquest, however, shows that each of these witnesses gave testimony at such inquest; that Ware and Wolff were present at the scene of the accident when it occurred, and that Jewett and Stevenson, both hackmen, appeared immediately afterward, and each conveyed away one of the participants in the collision.

Dr. Kirk was called immediately, and ministered unto the deceased until he died, four hours later.

Ware gave testimony that was not only material and pertinent to the case, but tended to support the essential and controverted allegations of the complaint.

While it is not at all clear that the testimony of either Wolff, Jewett or Stevenson will tend to disclose who was at

fault in the matter of the collision, each, because of his presence, either at the time of the accident or immediately thereafter, will be a proper and material witness to be examined as to the immediate surroundings of the accident.

The testimony of these witnesses fully supplied the deficiencies of plaintiff's affidavit.

It was shown that plaintiffs are possessed of very limited means. The case is of such a character that it manifestly cannot be very satisfactorily tried upon deposition, even if plaintiffs were able to bear the additional expense of so doing. None of the witnesses could be compelled to appear at Lakeport. If they or any of them voluntarily appeared it would be at considerable expense and loss of time. On the other hand, San Jose is accessible by rail from San Francisco, where Borland resides, at little expense and in less than two hours' time, and can be reached from Palo Alto at much less expense, either in time or money.

The case is in its essential features very similar to *Thompson* v. *Brandt*, 98 Cal. 155, [32 Pac. 890], in which an order denying a change of venue was reversed and the court ordered to grant the motion.

We think it clearly appears without substantial conflict that both the convenience of witnesses and the ends of justice would be promoted by a change of the place of trial to Santa Clara county, where the cause of action arose.

The order is reversed, and the court is directed to grant the motion.

Lennon, P. J., and Kerrigan, J., concurred.