[Civ. No. 916. Second Appellate District.—March 4, 1911.]

## WONG FUNG HING, Doing Business Under the Name of CHONG KEE COMPANY, Respondent, v. SAN FRANCISCO RELIEF & RED CROSS FUNDS, a Corporation, Appellant.

Venue—Change of Place of Trial—Residence of Defendant—Issues Joined—Convenience of Witnesses—Materiality to Issues. No question of convenience of witnesses can arise where a change of the place of trial is sought upon demurrer filed; and if the same change is sought upon issues joined and the change is resisted for the convenience of witnesses, it is the duty of the court to disregard the testimony of any witness for that purpose whose testimony is not material to any issue of fact raised. The plaintiff cannot successfully resist defendant's motion, where his affidavits show that the witnesses whose convenience is sought to be subserved would not be material or competent upon the trial of the issues involved; and an order retaining the cause based upon such affidavits must be reversed.

Id.—Action for Conversion of Goods—Denial of Complaint—Absence of Affirmative Issue—Immaterial Witnesses.—Where the plaintiff brought an action in Los Angeles county for the conversion of goods by a corporation having its principal place of business in San Francisco which demanded a change of the place of trial after answer filed, which merely took issue upon the allegations of the complaint, without presenting any affirmative matter, and filed an affidavit of merits, affidavits of witnesses for the plaintiff, whose testimony related solely to the nondelivery and forgery of the indorsement of a check, not made any issue in the case, cannot justify the retention of the cause for convenience of witnesses.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for the change of the place of trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Gray & Cooper, for Appellant.

Powers & Holland, for Respondent.

SHAW, J.—Defendant appeals from an order of court denying its application for a change of the place of trial

from Los Angeles county, where the action was commenced, to the city and county of San Francisco.

Defendant is a corporation having its principal place of business in the city and county of San Francisco. No demurrer was interposed to the complaint. With its verified answer, merely denying all the allegations of the complaint, defendant filed an affidavit of merits, in due form and sufficient in substance, showing that defendant was a corporation having its principal place of business in the city and county of San Francisco, and accompanied by a demand in writing, therewith filed, demanding that the place of trial be changed from the county of Los Angeles to the city and county of San Francisco, upon the grounds, first, that the city and county of San Francisco, and not the county of Los Angeles, was the proper county wherein said action should be tried; and, second, that the convenience of witnesses would be promoted by such change. While defendant's application was being heard, and before the final disposal thereof, plaintiff moved that the case be retained in Los Angeles county for trial, upon the ground of the convenience of witnesses, and filed affidavits in support of such motion. Upon the final hearing, the court made an order that the motion for a change of place of trial be denied, and that the trial of the case be retained in Los Angeles county, for the reason that the convenience of witnesses would be promoted by such retention.

It clearly appears that defendant was a resident of San Francisco at the time of the commencement of the action, and, hence, upon demand duly made therefor, was, in the absence of a counter-showing, entitled to an order changing the place of trial to the county of its residence. (Code Civ. Proc., sec. 395.) Assuming, then, that notwithstanding such right on the part of defendant, the court might, nevertheless, upon a proper showing that the convenience of witnesses would be subserved thereby, retain the case for trial in Los Angeles county, the question presented for determination is whether the facts set forth in the affidavits presented by plaintiff justified the order made by the court. Subdivision 3 of section 397, Code of Civil Procedure, provides that the court may, on motion, change the place of trial, "when the convenience of witnesses and the ends of justice would be promoted by the change." Manifestly, until an answer is filed and

issues of fact joined, it cannot be said a production of witnesses upon a trial will be required.   Hence, a motion either to change the place of trial or to retain it for trial in a county other than the proper county, based upon the convenience of witnesses, will not be entertained where the defendant appears by demurrer only.   (*Cook* v. *Pendergast,* 61 Cal. 76; *Armstrong* v. *Superior Court,* 63 Cal. 411.)   In the former case it is said: "But where no issue of fact has been raised, as where the motion to change the place of trial is made when defendant has appeared only by demurrer to the complaint, how can the court intelligently determine that it will be for the convenience of witnesses to change the place of trial, or to retain the action for trial in the county designated in the complaint?"   Therefore, in passing upon motions for a change of place of trial, where an answer is filed, it is the duty of the court to disregard the proposed testimony of an alleged witness which is not material to some issue of fact made.   (*Miller & Lux* v. *Kern Co. Land Co.,* 140 Cal. 132, [73 Pac. 836]; *Ennis-Brown Co.* v. *Long,* 7 Cal. App. 313, [94 Pac. 250].)   It is clear that plaintiff could not successfully resist defendant's motion unless it appeared from his affidavits that the testimony of the witnesses whose convenience was to be thereby subserved would be material and competent upon the trial of the issues involved.   Applying this rule, it is apparent from an examination of the record herein that the facts did not justify the court in making the order from which defendant appeals.

The complaint alleges that on April 20, 1906, plaintiff was the owner of certain goods, wares and merchandise, then deposited upon the wharf of the Pacific Mail Steamship Company in the city and county of San Francisco; that on said date an association known as the Citizens' Relief Committee, composed of persons whose names are unknown to plaintiff, did wrongfully and without the knowledge and consent of plaintiff, take and carry away said goods, wares and merchandise, and converted the same to its own use and benefit; that thereafter said Citizens' Relief Committee did transfer the said goods, wares and merchandise to defendant, who took and received the same with full knowledge that the same belonged to plaintiff and had been taken without right or authority, which goods, wares and merchandise defendant did

then and there receive, convert and appropriate to its own use and benefit; that the value of the goods so converted was $612.73; and that defendant did, on January 14, 1907, by an instrument in writing signed and duly executed by the officers and agents of the defendant, acknowledge its indebtedness to plaintiff in said sum of $612.73, and did by said writing promise and agree to pay said sum to plaintiff; which allegations are followed by an allegation of demand and nonpayment. Defendant's answer, as before stated, consists only of a specific denial of each of these allegations, other than that of demand and nonpayment. The issues being thus established, we must look to the affidavits of plaintiff to ascertain whether or not the testimony therein set forth would be material and competent upon a trial of such issues. It is alleged in the complaint that defendant executed an instrument in writing, acknowledging its indebtedness to plaintiff for the value of the goods, and by said writing did promise and agree to pay plaintiff the value thereof, to wit, the sum of $612.73. The action, however, is not based upon this promise, but upon the alleged conversion of the goods. It appears from defendant's affidavit that this writing consisted of a check, whereby the Bank of California was ordered to pay to the order of plaintiff $612.73. Plaintiff in his affidavit does not deny this statement, but states "that defendant, on January 14, 1907, drew its draft or check in favor of this plaintiff on the Bank of California for said sum of $612.73, which said check or draft was *never delivered to this plaintiff*, but came into the possession of some other person or persons," who forged the name of plaintiff thereon and collected the amount on said forged indorsement from the Bank of California; "that said check so made, as aforesaid, by the defendant is now in the possession of defendant; that the only issue to be tried in this action, as this plaintiff is informed and believes, and so alleges the fact to be, is the question of the genuineness of the indorsement of the names of Chung Kee Company and Wong Fung Hing on the said check." The names of a number of witnesses were given, with a statement to the effect that all of said witnesses will testify that the names of Chung Kee Company and Wong Fung Hing, so indorsed upon the check, are forgeries; and the names of other witnesses are given whom, it is stated,

will testify to facts tending to show that plaintiff never indorsed said check and never received or collected the amount due thereon, and that at one time defendant was of the opinion that the indorsements on the check were genuine, and by letters and orally expressed its surprise that plaintiff claimed the same to be forged. The check was never delivered to plaintiff; he bases no claim thereon. Defendant does not plead it in payment of plaintiff's claim, nor allege that it has made any payment to plaintiff on account of the alleged conversion of his goods. Under the pleadings, the proposed testimony set forth in the affidavits tending to prove the indorsement of plaintiff's name upon the undelivered check to have been forged, and that he had not received or collected the amount thereof, would be wholly immaterial to any issue involved therein.

The order is reversed, and the trial court instructed to make an order granting defendant's motion upon the ground first mentioned in its demand for change of place of trial.

Allen, P. J., and James, J., concurred.