[Civ. No. 3043. Third Appellate District.—October 22, 1927.]

W. D. KENYON, Respondent, v. HARTFORD ACCIDENT & INDEMNITY COMPANY (a Corporation), Appellant.

James T. Matlock, for Appellant.

Ralph H. Lewis and George E. Foote for Respondent.

FINCH, P. J.—This is an appeal by defendant from an order denying a motion for a change of the place of trial from the county of Sacramento to the county of Tehama.

The complaint alleges that W. F. Montgomery, as city marshal of Red Bluff, Tehama County, "maliciously and with force, and without an order, or warrant, or process of any court authorizing him so to do, did arrest and imprison the plaintiff herein . . . in the county jail of the county of Tehama . . . for a period of seven days," and that the defendant was at that time surety on Montgomery's official bond. The complaint contains other appropriate allegations, including an allegation that by reason of such imprisonment the "plaintiff was injured in his good name and reputation." The answer denies that Montgomery arrested or imprisoned the plaintiff and denies that the plaintiff was injured in his good name or reputation by the alleged arrest and imprisonment.

The complaint was filed May 15, 1925, and the answer on the 23d of June. On June 29th the court made an order setting the cause for trial on the 24th of September, 1925, counsel for defendant being present in court and having notice of the order. August 31st the defendant served and filed notice that it would move the court, on the eighth day of September, 1925, for an order changing the place of trial to Tehama County. In support of the motion, affidavits were filed, from which it appears that the defendant's witnesses, six in number, three of them being officers of Red Bluff and three of them officers of Tehama County, all reside in Red Bluff; that their official duties require their

personal attention''; that their attendance as witnesses in the superior court of Sacramento County would cause them great inconvenience, the distance from Red Bluff to Sacramento being 140 miles; and that ''defendant would be unable to procure the personal attendance of any of the witnesses'' at Sacramento, on account of such distance.

In opposition to the motion, plaintiff made affidavit that he had resided in Sacramento for three years next preceding his arrest, that he was scarcely known in Red Bluff or Tehama County and that no one knew him there who could testify as to his innocence of the charge upon which he was arrested, but that five witnesses, naming them, residing in Sacramento, would so testify; that four other named witnesses, also residing in Sacramento, would testify that the plaintiff ''has always borne a good reputation, . . . and that on account of said arrest, affiant lost his position''; and that defendant ''has deferred its application for a change of venue to this late date solely for the purpose of delay and procrastination.''

From the foregoing, it would be difficult to decide whether the convenience of witnesses would be best served by the trial of the case in the one county or the other.

■ ''The determination of a motion of this character upon the ground of the convenience of witnesses rests largely in the sound discretion of the court to which it is addressed, and its order thereon will be disturbed only for an abuse of discretion.'' (*Scott* v. *Stuart,* 190 Cal. 526, 527 [213 Pac. 947].) ■ No abuse of discretion appears in this case.

The order is affirmed.

Burroughs, J., *pro tem.,* and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on December 19, 1927.