[Civ. No. 4397.  Third Appellate District.—October 30, 1931.]

C. D. PLUM, Appellant, v. FORGAY LUMBER COMPANY, Respondent.

C. D. Plum, *in pro. per.*, and John V. Filippini for Appellant.

M. C. Kerr and Young, Hudson & Rabinowitz for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order granting defendant's motion for a change of venue from Sacramento County to Plumas County. The motion was made pursuant to subdivision 3 of section 397 of the Code of Civil Procedure, on the ground of convenience of witnesses.

The plaintiff commenced suit for damages in Sacramento County for malicious prosecution and false arrest. It is alleged the defendant wrongfully procured his arrest on a charge of grand theft. The criminal proceeding which was instituted in Plumas County was subsequently dismissed. It is alleged the plaintiff was injured thereby, "socially and financially, and suffered great loss and injury to his business, his good name, his credit and his reputation". The defendant filed its answer, together with an application for a change of the place of trial to Plumas County, based upon the

ground of convenience of witnesses. Affidavits in support of this motion were filed. The plaintiff filed a counter-motion to retain the cause for trial in Sacramento County for the convenience of witnesses. These motions were heard together. The defendant's motion for a change of venue was granted and the cause was transferred to Plumas County. From this order the plaintiff has appealed.

An abuse of discretion on the part of the trial judge in transferring this cause to Plumas County does not appear from the record. Plumas County is the place where the criminal action was instituted which is the foundation of the present suit for malicious prosecution and false arrest. The defendant's affidavits for change of venue aver the materiality and necessity of the presence of the officers of court and a number of other witnesses of Plumas County who were involved in the criminal proceeding. It is alleged the defendant relied upon the advice of the district attorney of Plumas County, to whom the facts involved in the criminal charge were related; that this officer asserted there was probable cause to believe the plaintiff was guilty of grand theft. It also appears the records of the justice's court in that proceeding are material evidence to be adduced in the present action.

There is a conflict in the affidavits of the respective parties regarding the convenience of witnesses. The plaintiff sets out the names of a large number of witnesses and the substance of their evidence upon which he relies. The identity of these witnesses and the substance of their evidence is identical with the showing made by the plaintiff in his application to retain in Sacramento County for trial a similar suit for malicious prosecution against this same defendant and one Newhart, Civil No. 4398 (*ante*, p. 73, 4 Pac. (2d) 805, in which an opinion of this court affirming the order of the trial court granting the change of venue was this day filed. In this case the plaintiff likewise relies upon the evidence of eight witnesses to establish his former good reputation for honesty. No facts are related qualifying them as character witnesses. The affidavits are defective in that regard. The plaintiff further avers that a trial of the cause in Plumas County will inconvenience one of his witnesses who resides in Stockton, and several who live in San Francisco. All of these witnesses reside beyond the jurisdiction of the Sacramento court to

compel their attendance by legal process. It does not appear they consent to voluntarily appear in that court or that they could not as conveniently go to Plumas County. So far as the affidavits are concerned it may be necessary to take the depositions of all these nonresident witnesses. The plaintiff's showing is also defective in that regard.

It is undoubtedly true that the trial of this case in Plumas County will convenience a large number of necessary witnesses.

Moreover, it appears this same suit for malicious prosecution against the defendant was previously instituted in Sacramento County. A similar motion for change of the venue of that case was granted to Plumas County. This plaintiff thereafter dismissed that action and again commenced this suit in Sacramento County upon the identical grounds. This procedure seems like trifling with the court. Indeed, it has been held the plaintiff is estopped from maintaining another action for the same cause, after the original case was dismissed in the county to which it had been previously transferred. (25 Cal. Jur. 914, sec. 45; *Karst* v. *Seller*, 45 Cal. App. 623 [188 Pac. 298]; *Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198 [188 Pac. 1023].)

The appellant contends that section 395 of the Code of Civil Procedure, which provides that the cause shall be tried "in the county where the injury occurs", if it be "an action for injury to person or property", entitles him to retain the suit for trial in Sacramento because he was arrested in that county for the offense which furnishes the foundation for the action for malicious prosecution. This is not true. (16 Cal. Jur. 744, sec. 12.)

The injury to person or property above referred to is limited to the infliction of physical or bodily injury and does not include mere injury to reputation, business or personal feelings. (16 Cal. Jur. 744, sec. 12; *Monk* v. *Ehret*, 192 Cal. 186 [219 Pac. 452]; *Coley* v. *Hecker*, 206 Cal. 22, 27 [272 Pac. 1045]; *Mason* v. *Buck*, 99 Cal. App. 219 [278 Pac. 461].) No physical or personal injury is alleged to have been inflicted in the present action. The complaint merely charges that the plaintiff was injured socially and financially, and suffered great loss and injury to his business, his good name, his credit and his reputation. This does

not entitle him to retain the action for trial in the county where his arrest occurred.

From the record in this case it appears the trial court was justified in granting the defendant's motion for a change of the place of trial to Plumas County. At least, no abuse of discretion in so doing appears.

The authorities are uniform to the effect that the determination of a motion for a change of the place of trial of a cause upon the ground of convenience of witnesses rests largely in the discretion of the court to which the motion is addressed, and that such an order will not be disturbed except for a clear abuse of discretion (*Scott* v. *Stuart*, 190 Cal. 526 [213 Pac. 947]; *Werner* v. *Bryden*, 99 Cal. App. 398 [278 Pac. 869]; *Kenyon* v. *Hartford Acc. & Indem. Co.*, 86 Cal. App. 266 [260 Pac. 954]; *Wrin* v. *Ohlandt*, 213 Cal. 158, 1 Pac. (2d) 991; *Topham* v. *Huntington*, 109 Cal. App. 593 [293 Pac. 678].)

The order is affirmed.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 28, 1931.