AURELIO D'ANGLADA BRAZA, Plaintiff and Appellee, v.
ANA CERDÁ, Defendant and Appellant.

No. 7885.   Argued June 7, 1939.—Decided July 14, 1939.

Enrique Báez García, for appellant; Miguel Santoni and A. Cadilla, Jr., for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This appeal was filed against a ruling of the District Court of Arecibo denying a motion in which, for the con-

venience of the witnesses, the removal of the case to the District Court of Mayagüez was proyed for. Let us first study the complaint and then the answer to thus determine the issues involved and to be in a condition to weigh the materiality and pertinence of the testimony of the witnesses proposed by the defense.

██ The complaint alleges in synthesis that the defendant contracted for the services of plaintiff to administer her properties situated in Mayagüez, and that in payment for these services the defendant would pay to plaintiff 12½ percent of the amounts which he should collect or which should be collected under his administration as rents of said properties, and that he should also receive the amount of $50 a month for his maintenance and room. That by virtue of said contract plaintiff undertook the work on May 1st, 1935, and continued it until September 7th, 1937. He then makes a statement of the different work which he alleges that he did for the defendant and concludes stating that the rents which he collected amounted to $19,195.66, 12½ per cent of said sum belonging to plaintiff, to wit, $2,398.21. That the defendant has only paid the amount of $189, there remaining a balance in favor of plaintiff amounting to $2,209.21 for which amount he prays for judgment with legal interest from the date of the complaint plus costs and attorney's fees.

In her answer, the defendant denies the essential averments of the complaint and as "new matters of defense", she alleged:

That plaintiff was a cousin of her deceased husband, and that having immigrated to Puerto Rico looking for work he went to defendant's house in Mayagüez, where he remained for 20 days, later going to New York from where he returned shortly thereafter without having obtained any work, and that the defendant had lent him the necessary money to return to Puerto Rico. That in order to aid him, she helped in his maintenance in Puerto Rico, and that having been taken ill in the month of July 1935, and due to said illness

being forced to remain in San Juan, she prayed plaintiff to receive in her name the amounts which were delivered by her collecting agent, Mr. Courtier, weekly, and that said sums be deposited in the offices of the Royal Bank of Canada, Mayagüez branch, to the order of the defendant. That finally plaintiff was admitted permanently to Puerto Rico by the Immigration authorities towards the end of August 1937, and that from that date the defendant ceased helping him as she had accustomed. That on the 31st of August 1937, plaintiff, to the immense surprise of the defendant, delivered a bill to her in which he charged her the amount of $2,804.06, which the defendant refused to accept.

The answer finishes with a prayer that the complaint be dismissed and that plaintiff be ordered to pay the costs, expenses and attorney's fees.

These are in synthesis the allegations of the parties.

In the *affidavit* of merit attached to the motion for removal, there appears a long list of witnesses, all residents of Mayagüez, which defendant states that she intends to use in her defense. We have examined the narration of what the defendant states each witness will testify to, and with the exception of her testimony and that of her employee Mr. Courtier, the rest are, in our opinion, immaterial to the questions involved or susceptible of being substituted by other evidence.

The first witness proposed by the defendant after Mr. Courtier, is *Attorney Alfredo Arnaldo, Jr.* The witness Arnaldo, Jr., intends to testify that he was the attorney for the defendant during the life of her husband, José Braza; that when her husband died the defendant needed a person to collect the rents of her properties for her and that for this purpose Mr. Courtier was appointed, the witness executing the corresponding contract for services.

Assuming that it would be pertinent to prove that the defendant had entered into such a contract with Mr. Cour-

tier, what would be the purpose of the testimony of this witness? The testimony of Courtier or of the defendant would be sufficient, or the contract itself which would be sufficient evidence and there would be no necessity of the presence of Mr. Arnaldo at the trial.

*Fernando R. Colón.*—This witness intends to testify that he is the Manager of the Royal Bank of Canada, Mayagüez branch; that the defendant has therein a savings and checking account; he will identify the checks issued by the defendant to the order of plaintiff, and from the books he will testify also as to the different drafts sent by the defendant to plaintiff to the Dominican Republic. If the defendant alleges that she never entered into a contract for administration with plaintiff, what issue does she prove by showing the amounts that she may have given to plaintiff? But assuming that such evidence is pertinent, are not the checks and drafts collected and necessarily indorsed by plaintiff sufficient proof without the necessity of the presence of this witness? In regard to the identification of complainant's signature, she undoubtedly does not need the testimony of the person who paid the checks, since due to the existent relationship between the defendant and plaintiff, and assuming that plaintiff should deny the authenticity of his signature it would be very easy for her to prove it.

The next witness in the narration which the defendant makes is the Clerk of the District Court of Mayagüez. The defendant intends to prove with this witness that the District Court of Mayagüez issued a license to carry weapons to Mr. Courtier in the year 1934 which is still in force; that the basis on which said license was issued was that it was alleged that Mr. Courtier was the collector of the defendant and that as such he had daily in his possession large amounts of money belonging to her; that she will show with the record of said case that during the time when plaintiff alleges that he was her administrator, Mr. Courtier continued in the discharge of his duties and that in the presence of plaintiff,

an extension of said license to carry weapons was carried out.

Assuming such evidence to be pertinent, a certified copy of the license would be sufficient without requiring the Clerk of the District Court of Mayagüez to travel to the District Court of Arecibo.

*Federico Lavezzary.*—The defendant intends to prove with this witness that in or about the month of June, 1937, the defendant filed a suit in the District Court of Mayagüez against said witness, who personally settled the suit with the defendant in the office of Attorney Enrique Báez García, with the intervention of said attorney and of Mr. Courtier, and that at no time did the complainant intervene in said matter.

Assuming that this evidence be pertinent, the testimony of this witness could easily be substituted by that of Mr. Courtier or by that of Attorney Enrique Báez García.

We have purposely omitted the testimony which the defendant and her employee, Courtier, intend to give, since it is a well established rule in regard to removals that when a removal for the convenience of witnesses is involved neither the inconvenience of the parties nor of those witnesses which are their employees is a factor to be considered in deciding the motion. *Wrin* v. *Ohlandt,* 213 Cal. 158, 1. P. (2d) 991; *Pacific States Corp.* v. *Shepardson,* 105 Cal. App. 747, 288 Pac. 714; *Barnett* v. *United Oil Co.,* 42 P. (2d) 656; *Baird* v. *Smith,* 68 P. (2d) 979.

Leaving aside the testimonies of the defendant Mrs. Cerdá and her employee Mr. Courtier, we are left only with the witnesses whose testimony that we have extracted. But as we have seen, some are immaterial and the others subject to substitution by other evidence, and this being so, these testimonies should not be considered in deciding the motion for removal for the convenience of said witnesses. *Miller & Lux* v. *Kern County Land Co.,* 140 Cal. 132, 138, 73 Pac. 836; *Won Fung Hing* v. *San Francisco Relief and Red Cross*

*Funds,* 15 Cal. App. 537, 115 Pac. 331; *Blossom* v. *Walter,* 30 Cal. App. 439, 158 Pac. 509.

The granting of a motion for removal based on the convenience of the witnesses is based principally on the sound discretion of the lower court and its decision shall not be altered on appeal unless a clear abuse of said discretion is shown. *Plum* v. *Forgay Lumber Co.,* 118 Cal. App., 76, 4 P. (2d) 804; *Avila* v. *Meherin,* 68 Cal. 478, 9 Pac. 428; *Pacific States Corp.* v. *Shepardson, supra; Kenyon* v. *Hartford Acc. & Indem. Co.,* 86 Cal. App. 266, 260 Pac. 954; *Park* v. *Gruwell,* 15 Cal. App. 509, 115 Pac. 252.

In our opinion, the lower court did not abuse its discretion. It acted correctly in deciding the motion for removal, and therefore, the appeal should be dismissed and the judgment appealed affirmed.

Mr. Justice Travieso took no part in the decision of this case.