AURELIO D'ANGLADA BRAZA, demandante y apelado, *v.* ANA CERDÁ, demandada y apelante.

Núm. 7885.—*Sometido:* Junio 7, 1939. *Resuelto:* Julio 14, 1939.

*Enrique Báez García,* abogado de la apelante; *Miguel Santoni* y *A. Cadilla Ginorio,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este recurso se estableció contra la resolución de la Corte de Distrito de Arecibo que denegó una moción de la demandada en la que, por conveniencia de los testigos, solicitó el traslado del pleito a la Corte de Distrito de Mayagüez. Estudiaremos en primer término la demanda y luego la contestación para determinar así las cuestiones en controversia (*issues*) y estar en condiciones de apreciar la materialidad y pertinencia de las declaraciones de los testigos propuestos por la demandada.

La demanda alega en síntesis que la demandada contrató los servicios del demandante para que le adminis-.

trase sus propiedades radicadas en Mayagüez y que en retribución de estos servicios la demandada pagaría al demandante el 12½ por ciento de las sumas que él cobrara o fueran cobradas bajo su administración y dirección por concepto de rentas de dichas propiedades, y que además recibiría la cantidad de $50 mensuales para su manutención y hospedaje. Que a virtud de dicho contrato el demandante empezó sus trabajos el primero de mayo de 1935 y los continuó hasta el 7 de septiembre de 1937. Hace entonces una relación de los distintos trabajos que alega haber hecho para la demandada y concluye expresando que las rentas por él cobradas ascendieron a $19,185.66, correspondiendo al demandante el 12½ por ciento de dicha suma, o sea $2,398.21. Que la demandada sólo abonó a dicha cantidad $189, resultando un balance a favor del demandante montante a $2,209.21, por cuya suma solicita sentencia con intereses legales desde la interposición de la demanda, más las costas y honorarios de abogado.

En su contestación niega la demandada las alegaciones esenciales de la demanda y como ''Materia Nueva de Defensa'' alegó:

Que el demandante era primo de su fenecido esposo y que habiendo emigrado a Puerto Rico en busca de trabajo, se dirigió a la casa de la demandada en Mayagüez, donde permaneció unos veinte días, dirigiéndose luego a Nueva York, de donde regresó poco después sin haber logrado conseguir trabajo, habiéndole facilitado la demandada el dinero necesario para su regreso a Puerto Rico. Que con el fin de socorrerlo, le ayudó a sostenerse en Puerto Rico, y que habiendo enfermado la demandada en el mes de julio de 1935 y teniendo que permanecer con tal motivo en San Juan, suplicó al demandante que recibiese a nombre de ella las cantidades que semanalmente acostumbraba entregarle su cobrador, Sr. Courtier, y que dichas sumas fueran ingresadas en las oficinas del Royal Bank of Canada, Sucursal

de Mayagüez, a disposición de la demandada. Que final-
mente el demandante fué admitido permanentemente en
Puerto Rico por las autoridades de Inmigración a fines de
agosto de 1937, y desde esa fecha cesó la demandante de
prestarle la ayuda acostumbrada. Que el 31 de agosto de
1937 el demandante, con gran sorpresa de la demandada, le
pasó un estado de cuenta en que le cobraba la cantidad de
$2,804.06, con lo cual no estuvo conforme la demandada.

Termina la contestación con súplica de que se desestime
la demanda, imponiendo al demandante el pago de las costas,
gastos y honorarios de abogado.

Tales son, en síntesis, las alegaciones de una y otra parte.

En el *affidavit* de méritos que se acompañó a la moción
de traslado, aparece una extensa relación de testigos, resi-
dentes todos en Mayagüez, los cuales anuncia la demandada
se propone utilizar en su defensa. Hemos examinado .el
relato que hace la demandada de lo que declararía cada
testigo y con excepción de la declaración de aquélla y de la
de su empleado Sr. Courtier, las demás son, a nuestro juicio,
inmateriales a las cuestiones en controversia o sustituíbles
por otra prueba.

El primer testigo propuesto por la demandada después
del Sr. Courtier es el *Lic. Alfredo Arnaldo, Jr.* El testigo
Arnaldo, Jr. se propone declarar que fué abogado de la
demandada en vida de su esposo José Braza; que al morir
su esposo, la demandada necesitó una persona que se hiciera
cargo de cobrarle las rentas de sus propiedades y con ese
fin nombró al Sr. Courtier, redactando el testigo el contrato
de servicios correspondiente.

Asumiendo que fuera pertinente probar que la deman-
dada había celebrado tal contrato con el Sr. Courtier, ¿qué
finalidad tendría la declaración de este testigo? Bastaría la
declaración de Courtier o la de la demandada, o el propio
contrato, que hablaría por sí mismo, sin necesidad de la
asistencia al juicio del Sr. Arnaldo.

*Fernando R. Colón.*—Se propone declarar este testigo que es *Manager* de The Royal Bank of Canada, sucursal de Mayagüez, que la demandada tiene allí una cuenta de ahorros y otra corriente; identificará los cheques expedidos por la demandada a la orden del demandante y con vista de los libros, declarará también sobre los distintos giros enviados por la demandada al demandante a la República Dominicana. Si la demandada sostiene que nunca tuvo contrato de administración con el demandante, ¿qué *issue* prueba ella con demostrar las cantidades que pueda haber donado al demandante? Pero asumiendo que tal prueba sea pertinente, ¿acaso los cheques y giros cobrados y necesariamente endosados por el demandante al hacerlos efectivos, no sería todo lo que necesitaría probar la demandada, sin que para ello fuese necesario la presencia de este testigo? En cuanto a la identificación de la firma del demandante, indudablemente que no necesita la declaración de la persona que pagó los cheques, pues dadas las relaciones existentes entre demandante y demandada, asumiendo que el demandante negase la autenticidad de su firma, fácilmente podría ella probarla.

El segundo testigo en la relación que hace la demandada sería el Secretario de la Corte de Distrito de Mayagüez. Se propone la demandada probar con este testigo que la Corte de Distrito de Mayagüez expidió al Sr. Courtier una licencia para portar armas en el año 1934, que aún está en vigor, que el fundamento que hubo para expedir tal licencia fué el de haberse alegado que el Sr. Courtier era cobrador de la demandada y que con tal motivo tenía en su poder diariamente fuertes sumas de dinero pertencientes a ella; que demostrará con el récord de dicho expediente que durante el tiempo que el demandante alega haber sido administrador, el Sr. Courtier siguió en el desempeño de su cargo, y que estando presente el demandante se tramitó prórroga de la indicada licencia de portar armas.

Asumiendo que tal prueba fuese pertinente, bastaría una copia certificada de la licencia, sin necesidad de que el Secre-

tario de la Corte de Distrito de Mayagüez tuviese que trasladarse a la Corte de Distrito de Arecibo.

*Federico Lavezzary.*—Se propone probar la demandada con este testigo que allá por el mes de junio de 1937 la demandada siguió un pleito en la Corte Municipal de Mayagüez contra dicho testigo y que éste personalmente transigió el pleito con la demandada en la oficina del Lic. Enrique Báez García mediante la intervención de dicho letrado y del Sr. Courtier, sin que en ningún momento interviniese el demandante en dicho asunto.

Asumiendo que esta prueba fuese pertinente, la declaración de este testigo podría fácilmente ser sustituída por la del Sr. Courtier o la del Lic. Enrique Báez García.

Adrede hemos omitido la declaración que se proponen prestar la demandada y su empleado Courtier, por ser regla bien establecida en materia de traslados que cuando de un traslado por la conveniencia de testigos se trata, la inconveniencia de las partes ni la de aquellos testigos que sean sus empleados es factor a considerar para resolver la moción. *Wrin* v. *Ohlandt,* 213 Cal. 158, 1P. (2d) 991; *Pacific States Corp.* v. *Shepardson,* 105 Cal. App. 747, 288 P. 714; *Barnett* v. *United Oil Co.,* 42 P. (2d) 656; *Baird* v. *Smith,* 68 P. (2d) 979.

Descartadas las declaraciones de la demandada Sra. Cerdá y de su empleado Sr. Courtier, tan sólo nos quedan los testimonios de los testigos cuyas declaraciones hemos extractado. Pero, como hemos visto, son inmateriales unas, y otras sustituíbles por otra prueba, y siendo ello así, tales declaraciones no deben ser consideradas al resolver la moción de traslado por conveniencia de tales testigos. *Miller & Lux* v. *Kern County Land Co.,* 140 Cal. 132, 138, 73 P. 836; *Won Fung Hing* v. *San Francisco Relief and Red Cross Funds,* 15 Cal. App. 537, 115 P. 331; *Blossom* v. *Waller,* 30 Cal. App. 439, 158 P. 509.

La concesión de una moción de traslado basada en la conveniencia de los testigos descansa principalmente en

la sana discreción de la corte inferior y su resolución no
será alterada en apelación a menos que se demuestre un
claro abuso de discreción. *Plum* v. *Forgay Lumber Co.,* 118
Cal. App. 76, 4 P. (2d) 804; *Avila* v. *Meherin,* 68 Cal. 478,
9 P. 428; *Pacific States Corp.* v. *Shepardson,* supra; *Kenyon*
v. *Hartford Acc. & Indem. Co.,* 86 Cal. App. 266, 260 P. 954;
*Park* v. *Gruwell,* 15 Cal. App. 509, 115 P. 252.

A nuestro juicio la corte sentenciadora no hizo mal uso
de su discreción. Actuó correctamente al resolver la moción
de traslado y por consiguiente *procede desestimar el recurso
y confirmar la resolución apelada.*

El Juez Asociado Sr. Travieso no intervino.