[Civ. No. 15017.   First Dist., Div. Two.   June 18, 1952.]

HELEN GASKILL, Appellant, v. RICHMAID ICE CREAM
COMPANY (a Corporation) et al., Respondents.

Joseph A. Brown, Harry Gottesfeld and Hutchinson &
Quattrin for Appellant.

Leon E. Warmke for Respondents.

DOOLING, J.—Plaintiff appeals from an order granting
a motion for change of venue from the city and county of
San Francisco to San Joaquin County.   One Molick as as-

signee commenced an action in the San Francisco superior court in which a motion for change of venue was granted to San Joaquin County. Molick thereupon dismissed the action and assigned the claim to appellant. Appellant then filed the instant action in the superior court of San Francisco against the same defendants on the same substantive cause of action. The complaint in the second action contained an allegation, not found in that in the first action, that it was based on "an oral contract made and entered into in the City and County of San Francisco and to be there performed."

The order appealed from was made by the court solely on the ground "that the matter of the place of trial had been conclusively decided in said prior action as to any action upon said contract."

█ It is settled that an order granting a motion for change of place of trial if not appealed from becomes res judicata of the proper place of trial in any subsequent action based on the same facts (*Karst* v. *Seller,* 45 Cal.App. 623 [188 P. 298]; *Fitzhugh* v. *University Realty Co.,* 46 Cal.App. 198 [188 P. 1023]; *Plum* v. *Forgay Lbr. Co.,* 118 Cal.App. 76 [4 P.2d 804]) unless there are changed facts or new conditions since the making of the order (*People* v. *Spring Valley Co.,* 109 Cal.App.2d 656, 667 [241 P.2d 1069]).

█ Appellant claims that the holdings on this point in the cited cases are dicta because the court also considered the motions properly granted on the merits; but an alternative ground of decision in an appellate opinion is not dictum. "It is well settled that when two independent reasons are given for a decision, neither one is to be considered mere *dictum,* since there is no more reason for calling one ground the real basis of the decision than the other." (*Gilgert* v. *Stockton Port Dist.,* 7 Cal.2d 384, 389 [60 P.2d 847]; *Bank of Italy Etc. Assn.* v. *Bentley,* 217 Cal. 644, 650 [20 P.2d 940]; *Coombes* v. *Getz,* 217 Cal. 320, 329 [18 P.2d 939]; *Armstrong* v. *Armstrong,* 85 Cal.App.2d 482, 485 [193 P.2d 495].)

While it is not claimed that there are any changed facts or new conditions since the making of the first order appellant asserts that because the complaint in the first action did not contain the allegation of the place of making and performance of the contract that question was not litigated or determined by that order. The record shows the contrary. The parties have stipulated that on the hearing of the first motion affidavits "were submitted for the purpose of show-

ing that the alleged contracts were made and entered into in the County of San Joaquin . . . and were to be performed in said County'' and that such affidavits were considered by the judge in deciding that motion. ■ On motion for change of venue the complaint need not allege the place of making and performance of the contract to raise those issues. The facts may be shown by affidavits. (*Turner* v. *Simpson*, 91 Cal.App.2d 590 [205 P.2d 423]; *Mills* v. *Dickson*, 129 Cal.App. 728 [19 P.2d 278]; *Kiku Saito* v. *Policy Holders L. Ins. Assn.*, 132 Cal.App. 412 [22 P.2d 724].)

■ Respondents did not waive their right to rely on res judicata by also filing affidavits of the facts. Parties may rely on alternative grounds for relief without waiving either and this rule applies in the case of res judicata. (15 Cal.Jur., Judgments, § 233, p. 215 and cases cited in n. 19.)

■ Appellant herein as successor in interest to her assignor Molick is bound by the prior order to the same extent as Molick. (15 Cal.Jur., Judgments, § 221, p. 193; *cf. Bernhard* v. *Bank of America*, 19 Cal.2d 807 [122 P.2d 892].) As said in *Plum* v. *Forgay Lbr. Co., supra*, 118 Cal.App. 76, 79, to allow successive actions to be filed for the purpose of relitigating the proper place of trial over and over ''seems like trifling with the court.'' The same observation applies with equal force to subsequent assignments for that purpose.

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.