[Civ. No. 19202. First Dist., Div. Two. Feb. 9, 1961.]

J. H. TARMAN, Respondent, v. MARVIN SHERWIN et al., Defendants; CLARK J. PICKENS, Appellant.

50

John V. Lewis, Richard H. Foster and Richard F. Swisher for Appellant.

Orlando J. Bowman and Edmund J. Regalia for Respondent.

DRAPER, J.—Defendant Pickens appeals from order denying his motion for change of venue. He argues that an order granting a like motion in an immediately preceding action requires transfer of this cause.

Complaint in the first action was filed in Alameda County March 13, 1959. It alleged that plaintiff and defendants Pickens and Sherwin were partners, that their written partnership agreement did not conform to their true understanding, that plaintiff had performed his agreement and that defendants had failed to do so. Prayer was for reformation of the agreement, dissolution of the partnership, cancellation of Sherwin's interest, determination of the rights of plaintiff and Pickens, and liquidation of the partnership assets. Defendant Pickens answered and moved for change of venue to Butte County. This motion was granted May 19. The action was transferred to Butte County, where plaintiff on May 28, 1959, filed a dismissal without prejudice.

In the meantime, on May 22, plaintiff filed a new action in Alameda County. His complaint is identical with that in the previous action, except that it omits a corporate defendant which had been alleged in the first action to hold bare legal title to certain allegedly partnership property, and omits allegations of the first complaint that defendant Pickens had failed to account for all moneys received by him from sales of partnership timber. The latter allegation would seem to be

included in the general averment, in both complaints, that Pickens had failed and refused to perform the partnership agreement. The prayer of the complaint in the second action is identical with that of the first.

Defendant Pickens answered this second action on September 4, and again moved for change of venue to Butte County. Another judge heard this motion and denied it. Defendant Pickens appeals, contending that the effect of the first order cannot be thwarted by dismissal and refiling.

Plaintiff first contends that the issue is not properly raised here because not specified as a ground in the notice of motion filed in this second action. This notice stated that Pickens would move for abatement on the ground of another action pending, or, in the alternative, for a change of venue to Butte County on the ground that it was the proper county for trial and the further ground of the convenience of witnesses. The notice specifically stated that the motion would be based upon affidavits and points and authorities "filed herewith." It affirmatively appears that the supporting documents were in fact filed and served with the notice of motion. One of these affidavits sets out verbatim the complaint and answer in the first action, and states that motion for change of venue was granted May 19. The memorandum of points and authorities, under the heading "Court Should Respect Its Previous Order," cited authority that the order granting change of venue in the first action is determinative of the motion in the second action. There can be little doubt that the notice fully and fairly apprised plaintiff of movant's intention to assert and rely upon the previous order.

Plaintiff, however, cites decisions indicating that the notice of motion itself must set out the grounds. (*Taliaferro* v. *Riddle,* 167 Cal.App.2d 567 [334 P.2d 950]; *Hernandez* v. *National Dairy Products Co.,* 126 Cal.App.2d 490 [272 P.2d 799].) Other decisions (*Westphal* v. *Westphal,* 61 Cal.App.2d 544 [143 P.2d 405]; *O'Malley* v. *Carrick,* 60 Cal.App. 48 [212 P. 45]; *Garrett* v. *Garrett,* 31 Cal.App. 173 [159 P. 1050]), could have been cited to the same effect. However, a long line of authority has held that affidavits accompanying a notice of motion (*Hecq* v. *Conner,* 203 Cal. 504, 506 [265 P. 180]; *Savage* v. *Smith,* 170 Cal. 472, 474 [150 P. 353]; *Giandeini* v. *Ramirez,* 11 Cal.App.2d 469, 475 [54 P.2d 91]; *Shields* v. *Shields,* 55 Cal.App.2d 579, 583-584 [130 P.2d 982]), other documents in the court file (*Reher* v. *Reed,* 166 Cal. 525, 527 [137 P. 263, Ann. Cas. 1915C 737]), or affidavits

and points and authorities filed with the notice (*Ramey* v. *Myers*, 159 Cal.App.2d 82, 85-86 [323 P.2d 805]), at least when specifically referred to in the notice, may be considered in amplification of the grounds stated in the notice. We incline to this rule, which has been termed the "more lenient view" (2 Witkin, California Procedure, p. 1644). It is supported by decisions of the Supreme Court cited above, which have not been disapproved by later decisions of that court. On narrower grounds, it may be noted that the decisions cited by plaintiff do not specify that the supporting documents were referred to in and served with the notice of motion.

On principle, we are satisfied that a notice should be deemed adequate to meet the code requirements if it fairly advises opposing counsel of the issues to be raised. Documents which are referred to in the notice and attached to it may be considered in determining adequacy of the notice of motion.

It seems completely clear that the notice here, incorporating by reference the affidavits and memorandum attached to it, serves this purpose.

Since the fact of the prior order for transfer was properly before the trial court on this motion, the question is whether it should have determined that the earlier decision bound it here. It is apparent that the present cause of action is in all material respects the same as that ordered transferred, and then dismissed.

In such situation, the rule is clear that the prior order binds the court in the second case (*Gaskill* v. *Richmaid Ice Cream Co.*, 111 Cal.App.2d 745 [245 P.2d 53]; *Plum* v. *Forgay Lumber Co.*, 118 Cal.App. 76 [4 P.2d 804]; *Fitzhugh* v. *University Realty Co.*, 46 Cal.App. 198 [188 P. 1023]; *Karst* v. *Seller*, 45 Cal.App. 623 [188 P. 298]), whether the basis of the rule be termed estoppel, as in Karst, or res judicata, as in Gaskill.

It is true that the same rule does not appear to apply where the first order *denied* transfer (see authorities collected at 1 Witkin, California Procedure, pp. 771-773; together with *Seybert* v. *County of Imperial*, 139 Cal.App.2d 221 [293 P.2d 135]). It is difficult to reconcile the two rules. However, we are satisfied that the rule properly applies to an order granting transfer. To permit a different result when that action is dismissed and refiled is to encourage "trifling with the court." (*Plum* v. *Forgay Lumber Co.*, *supra*, at p. 79.)

Of course, change of circumstances after the first order may warrant denial of a later motion. (*People* v. *Spring Valley*

*Co.,* 109 Cal.App.2d 656, 667-668 [241 P.2d 1069].) But in our case, plaintiff does not, and on the record cannot, contend that any change of circumstances from first to second motion is shown.

The original record in this appeal did not include the previous order and the papers upon which it was based. Plaintiff argues that these documents could not be considered by us. However, plaintiff's brief does suggest that the earlier order "probably" was based on a ground other than convenience of witnesses. In view of the question thus raised and on stipulation made at oral argument, we have augmented the record by adding the documents on the previous motion. We have reviewed the written order, which clearly shows that it was made solely on the ground of convenience of witnesses. It follows that the previous order bound the court on the second motion, which included the same ground.

We have also reviewed the affidavits filed on the previous motion. While they do not present a strong case for transfer, plaintiff made no attack upon the order granting change of venue. He did not move to vacate the order, as he might have done if grounds under Code of Civil Procedure, section 473, existed. (*Badella* v. *Miller,* 44 Cal.2d 81 [279 P.2d 729]), nor did he appeal, as he had a right to do (Code Civ. Proc., § 963). As a result, he cannot now attack that order, and we must assume it to be sound.

Order reversed, with directions to the trial court to grant the motion for change of venue.

Kaufman, P. J., and Shoemaker, J., concurred.