[Civ. No. 31751. First Dist., Div. Two. Feb. 7, 1974.]

JOHN GODDARD et al., Plaintiffs and Respondents, v.
ROBERT POLLOCK et al., Defendants and Appellants.

138

COUNSEL

Fitzsimmons & Hawthorne and Anthony W. Hawthorne for Defendants and Appellants.

Garrison, Gregory, Herndon & Townsend and Thomas H. Carver for Plaintiffs and Respondents.

**OPINION**

**ROUSE, J.**—This is an appeal by defendants from an order denying their motion to vacate the clerk's entry of default and the default judgment.

The record shows that the instant action was commenced on June 29,

1971, when plaintiffs, eight foreign investors, filed suit against defendant Robert Pollock and eight interlocking companies through which Pollock was doing business from Marin County, California. It was alleged that of the eight companies named as defendants, seven were corporations of which defendant Pollock was an officer and that the eighth company was a joint venture managed by Pollock and owned by two of the corporate defendants which, in turn, were wholly owned subsidiaries of a third corporate defendant. The gravamen of the complaint was that the plaintiffs had purchased from defendants certain bonds and certificates of deposit which were redeemable upon certain terms and conditions, but that defendants had refused to redeem same or to pay the interest due thereon. Plaintiffs sought redemption of the bonds and certificates and payment of the sums allegedly due them.

On July 18, 1971, service of the summons and complaint was made upon defendant Pollock, individually, and as a representative of each of the eight companies named as defendants.

On August 17, 1971, the law firm of Fitzsimmons and Hawthorne obtained an order extending time until September 16, 1971, for each of the eight companies to move by special appearance to dismiss the complaint for lack of jurisdiction or alternatively to enter a general appearance and answer, demur or otherwise plead to the complaint.

On September 21, 1971, a request for the entry of the default of the was mailed to him at his Marin County address. Pollock's default was entered on September 17, 1971.

On September 21, 1971, a requset for the entry of the default of the eight companies named as defendants was mailed to the clerk of the court, with a copy to the law firm of Fitzsimmons and Hawthorne.

On September 22, 1971, the eight companies named as defendants filed a notice of motion to quash service of summons upon them. On the following day, a supporting declaration by Mr. Pollock was filed in the superior court. The Pollock declaration averred that he was an officer of each of the eight companies named as defendants; that none of these companies had ever had business dealings of any kind with any of the plaintiffs; that the summons and complaint had reportedly been served on each of the eight companies by delivering copies thereof to one Joyce Lear, who was not an authorized agent for the service of process.

On September 23, 1971, the clerk returned the request for entry of default to plaintiffs' attorney, Mr. Garrison.

On October 6, 1971, the default of the eight companies named as defendants was entered by the clerk by order of the court.

On October 8, 1971, a default judgment was entered by the court in favor of plaintiffs and against defendants in the amounts prayed for in the complaint.

On October 13, 1971, the eight companies named as defendants filed points and authorities in support of their motion to quash service of summons. They also filed a supplemental declaration by Mr. Pollock.

On October 14, 1971, the eight companies named as defendants filed a motion to vacate and set aside the clerk's entry of default and the default judgment against them. Said motion was based upon the grounds (1) that the judgment was void for lack of jurisdiction over said defendants, and (2) that even if the judgment was not void, it should be set aside as having been taken through mistake, inadvertence, surprise or excusable neglect.

On October 18, 1971, plaintiffs filed a motion to strike defendants' motion to quash service of summons and for such other relief as the court deemed appropriate.

On October 26, 1971, plaintiffs filed a memorandum in opposition to defendants' motions.

On October 26, 1971, defendants filed a supplemental motion to vacate the default and default judgment and asked that their prior motions be taken off calendar. Defendants also filed points and authorities and supporting declarations.

On November 18, 1971, all of the motions pending before the court came on for hearing.

On November 24, 1971, the court rendered its order denying defendants' motion to vacate the clerk's entry of default and the default judgment. The court found that the motion to quash service of summons was not in fact a pleading, did not comply with the applicable statute and was not filed in time; and that it therefore did not restrict the clerk in the matter of the entry of defendants' default.

The eight companies named as defendants filed notice of appeal from the order of November 24, 1971.

■■■ Defendants' first contention on appeal is that the trial court was required to set aside the clerk's entry of default and the default judgment subsequently entered because both were made at a time when a valid pleading (defendants' motion to quash service) was on file and defendants were therefore not in default. Defendants concede that the trial court

found that the clerk's default was properly entered because defendants' motion to quash was not a pleading, was not timely filed and did not comply with section 1010 of the Code of Civil Procedure. However, defendants contend that there is no support in the record for any of these findings.

Turning first to the question of whether a motion to quash constitutes a "pleading" within the context of the issues here presented, section 585 of the Code of Civil Procedure provides for the entry of default by the clerk only where the defendant (or defendants) has not filed any of certain specified pleadings within the time required in the summons or such further time as may have been allowed. A motion to quash service of summons is specifically mentioned in section 585 and clearly constitutes a "pleading" which, if timely filed, would have precluded the clerk from thereafter entering defendants' default.

Turning next to the question of the timeliness of the filing of the motion to quash, section 585 refers only to pleadings "filed with the clerk or judge of the court within the time specified in the summons, or such further time as may be allowed . . . ." Here, defendants were given an extension of time until September 16 "to move by special appearance to dismiss the complaint for lack of jurisdiction or alternatively to enter a general appearance and answer, demur or otherwise plead . . . ." Hence, the motion to quash, having been filed on September 22, was obviously not timely within the literal wording of section 585.

However, it is now well established by the case law that where a pleading is belatedly filed, but at a time when a default has not yet been taken, the plaintiff has, in effect, granted the defendant additional time within which to plead and he is not strictly in default. (*Reher* v. *Reed* (1913) 166 Cal. 525, 528 [137 P. 263]; *Bank of Haywards* v. *Kenyon* (1917) 32 Cal.App. 635, 636-637 [163 P. 869].) As recently stated in *A & B Metal Products* v. *MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647 [89 Cal.Rptr. 873], "[I]t is generally recognized that an untimely pleading is not a nullity, and it will serve to preclude the taking of default proceedings unless it is stricken." The proper procedure is for the plaintiff to move to strike the defendant's untimely pleading and, if the court grants such relief, thereafter proceed to obtain the entry of the defendant's default. (*Buck* v. *Morrossis* (1952) 114 Cal.App.2d 461, 464-465 [250 P.2d 270].)

Thus, in the instant case, had the trial judge been able to consider plaintiffs' motion to strike defendants' notice of motion to quash *before* directing entry of a default judgment, there would have been no problem. Both sides then would have been heard on the issue of an un-

timely or inadequate filing of defendants' motion to quash, following which the court could properly have exercised its discretion in the matter. However, plaintiffs did not file their motion to strike until some 12 days after the court had directed the clerk to enter a default against the defendants.

There is authority to the effect that a plaintiff is entitled to the entry of default on the date he requests it if there is then no responsive pleading by the defendant on file; and that the plaintiff cannot be deprived of his right to the entry of a default merely because the clerk erroneously fails to perform his ministerial duty and does not enter it when requested. (*W. A. Rose Co.* v. *Municipal Court* (1959) 176 Cal.App.2d 67 [1 Cal. Rptr. 49].)

It follows, then, that the determinative question in this case is which of two events occurred first: the filing of defendants' motion to quash or the filing of plaintiff's request for the entry of default.

On this question, the record is somewhat unclear. The declarations filed in the trial court show that attorney Garrison mailed the request for entry of default on September 21, 1971, both to the Marin County court and to defendants' attorneys in Oakland. Defendants admitted receiving the document mailed to them on September 22. Hence, plaintiffs argue that there is no reason to assume that the request for entry of default was not likewise received by the Marin County court on September 22. The only other fact in the record which sheds any light on the question is that the request for entry of default was returned to plaintiffs by the clerk on September 23. It does not appear whether the clerk returned it in person, having received it that day, or returned it by mail, having received it on September 22. Thus, it is impossible to ascertain from the record whether the request for entry of default was received by the clerk at a time when defendants had filed only their motion to quash or whether it was received by the clerk on the following day after defendants had filed the Pollock declaration in support of said motion. Clearly, the request for entry of default was not received until after the filing of the original motion to quash, since plaintiffs concede that the clerk returned the request for the entry of default with the notation, "Notice To Quash Service filed 9/22/71."

The ambiguity as to the time of the filing of the various documents leads directly into a discussion of the trial court's finding that defendants' motion to quash did not comply with section 1010 of the Code of Civil Procedure. The original document filed by defendants on September 22 was technically defective in that it was not accompanied by any declaration or other supporting documents and did not specify the ground or grounds upon which it was based. The document was merely entitled "Notice of Motion

to Quash Service" and stated that said motion would be based upon a declaration to be filed, accompanying points and authorities and oral and documentary evidence to be submitted at the time of the hearing. On the following day, defendants did file a declaration by Mr. Pollock which specified the grounds upon which the motion was based.

Assuming for purposes of argument that the notice of motion to quash was the only document on file when the clerk received plaintiffs' request for the entry of default, it would nevertheless seem clear that the clerk properly refused to enter defendants' default. ■ It is settled that the entry of default by the clerk is a ministerial duty and that he has no authority whatever to determine the sufficiency, either as to the substance or form, of a pleading on file. (*Rose* v. *Lelande* (1912) 20 Cal.App. 502, 503-504 [129 P. 599]; *Bristol Convalescent Hosp.* v. *Stone* (1968) 258 Cal.App.2d 848, 862 [66 Cal.Rptr. 404].) ■ Here, the clerk was in possession of a pleading which, according to its label, was one specifically mentioned in section 585 of the Code of Civil Procedure. Hence, he had no authority to enter defendants' default and properly refused to do so.

When on October 6, 1971, defendants' default was entered by the clerk upon the order of the court, defendants' supporting declaration had been on file for several days. Clearly, the motion to quash was then sufficient, since it reasonably apprised plaintiffs of the substance and basis of the motion. (*Tarman* v. *Sherwin* (1961) 189 Cal.App.2d 49, 52 [10 Cal.Rptr. 787, 85 A.L.R.2d 989].) Thus, the court erred in directing the clerk to enter defendants' default on October 6.

Plaintiffs raise one further argument which requires discussion. They point out that on October 22, 1971, just prior to the filing of defendants' supplemental motion to vacate the default and default judgment, defendants requested that their prior motion to quash and their original motion to vacate the default and default judgment be taken off calendar. Plaintiffs contend that one consequence of this withdrawal is that the trial court was deprived of an opportunity to rule upon their pending motion to strike the notice of defendants' motion to quash. Plaintiffs also argue that such act of withdrawal had the effect of rendering the motion to quash service a nullity and thereby justified, after the fact, the entry of the clerk's default and the default judgment.

This argument is not persuasive. The record contains nothing to suggest that defendants actually abandoned their motion to quash service. In the letter requesting that said motion be taken off calendar, defendants' attorney, Mr. Hawthorne, expressed the view, supported by an appropriate citation, that until such time as the defaults were set aside, defendants

had no right to file any pleadings or make any motions of any kind. Neither logic nor case law (none of which has been cited by plaintiffs on this point) would justify a finding that the Hawthorne letter operated to render the motion to quash a nullity and therefore justified, through after events, the entry of the clerk's default and the default judgment.

In view of the foregoing, it is unnecessary to discuss defendants' other contentions on appeal.

We conclude that the default judgment heretofore entered must be set aside, at which time defendants may then pursue their motion to quash, or otherwise seek permission to file a responsive pleading. In that event, the court can properly act upon plaintiffs' motion to strike on the grounds of an untimely or inadequate filing.

The order denying defendants' motion to vacate is reversed with directions to the trial court to set aside the clerk's entry of default and the default judgment against the eight companies named as defendants.

Taylor, P. J., and Kane, J., concurred.

A petition for a rehearing was denied March 15, 1974.