406 So.2d 534 (1981)
EXCEL INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Charles BROWN, Appellee.
No. 80-1123.
District Court of Appeal of Florida, Fifth District.
November 11, 1981.
Rehearing Denied December 11, 1981.
*535 Richard W. Driscoll, Fort Lauderdale, for appellant.
William H. Roundtree, Cocoa, for appellee.
SHARP, Judge.
Excel, the defendant below, appeals from the lower court's denial of its motion to transfer venue from Brevard to Broward County.[1] It argues that its insured, Brown, failed to plead and prove facts to support venue in Brevard, and that a venue ruling in a prior lawsuit filed by Brown against it in Brevard, where the court transferred venue to Broward, is res judicata or the "law of the case." On the basis of the record in this case, we affirm the lower court.
On August 24, 1978, Brown sued Excel in Brevard County to recover the balance of PIP benefits he claimed were due him under his insurance policy with Excel. On January 26, 1979, the trial court granted Excel's motion to transfer venue to Broward. Brown voluntarily dismissed that case on May 7, 1980, and refiled this suit in Brevard the next day. No part of the first suit was made a part of this suit other than a copy of the order transferring venue, which was attached to Excel's motion to transfer venue in this case.
The lower court denied Excel's motion to transfer venue for the following reasons:
3. Defendant is a foreign corporation with no principal place of business in Florida. It does presently sell non-auto insurance in Florida through various independent insurance agents. In this regard, Broward County enjoys no venue advantage over Brevard under Sec. 47.051, Fla. Stat., since there is no showing or allegation that such an agent exists in Brevard or Broward County.
4. The cause of action sued upon is a transitory cause of action. Firemen's Ins. Co. of Newark, New Jersey v. Olson, 176 So.2d 594 (Fla.3d DCA 1965). As a suit or a contract, it can be maintained where the breach occurred. The cause of action, if any, accrued when the defendant violated its contract by failing to pay the claim. Firemen's Ins. Co. of Newark, New Jersey v. Olson, supra. The place of payment is where plaintiff resides. This is Brevard County.
5. That the request of transfer from Brevard County as inconvenient forum should be denied.
6. That the law and facts now before the court support venue in Brevard County. Plaintiff is not estopped by the previous ruling of the court since an appeal of venue decision may be had after final judgment, even though no interlocutory appeal was taken under Fla.R.App.P. 9.130 (compare 85 A.L.R.2d 993).
A cause of action on a contract accrues and venue is proper in the county where performance is required. Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA), cert. denied, 392 So.2d 1378 (Fla. 1980); James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla.2d DCA 1970). Where the default involves failure to pay money and no place of payment is expressly agreed upon, it is generally implied that payment is to be made in the county where the payee resides. Duggan v. Tomlinson, 174 So.2d 393 (Fla. 1965); U.S.H. Properties Corp. v. Intercoastal Investments, Inc., 331 So.2d 385 (Fla.2d DCA 1976). The lower court determined that Brown resided in Brevard County at the time the second suit was filed and appellant did not establish error in this determination.
Excel argues this court should follow the California cases which have held that principles of estoppel and res judicata apply to venue determinations except where the *536 plaintiff pleads and proves changed conditions since the entry of the prior order. See Gaskill v. Richmaid Ice Cream Co., 111 Cal. App.2d 745, 245 P.2d 53 (1952); People v. Spring Valley Co., 109 Cal. App.2d 656, 241 P.2d 1069 (1952); Plum v. Forgay Lumber Co., 118 Cal. App. 76, 4 P.2d 804 (1931). This appears to us to be a cogent rule of law consistent with the only case in Florida which has touched on this question. In E.O. Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 So. 507 (1907), the court stated by way of dicta that where a suit was terminated by a directed verdict on the ground that venue was improper, the final judgment could become res judicata as to the venue issue only. This dicta would not preclude a different ruling on venue should the relevant conditions regarding venue change.
In this case, however, Excel did not ask the trial court to take judicial notice of the records in the prior suit,[2] nor did it produce enough of these records to establish the identity of the two suits.[3] A party seeking to assert res judicata has the burden of affirmatively proving this defense.[4] Excel merely pled res judicata in this case. It failed to establish it by affidavit, verified motion, or other manner.
The rule is well established in Florida that a plaintiff need not allege or prove facts in support of his venue selection, absent a sufficient challenge by the defendant.[5] Thus, even if we followed the California rule, Brown would not at this juncture be required to file affidavits or produce evidence that there was a change of circumstances affecting venue after the first ruling on venue, because Excel failed to establish that the two suits were identical and that res judicata should be applicable.[6]
AFFIRMED.
NOTES
[1] See Fla.R.App.P. 9.130(a)(3)(A).
[2] §§ 90.202(6), 90.203, Fla. Stat. (1979).
[3] See Kostecos v. Johnson, 85 So.2d 594 (Fla. 1956); Bergeron Land Development, Inc. v. Knight, 307 So.2d 240 (Fla. 4th DCA 1975).
[4] Gulf Tampa Drydock Co. v. Germanischer Lloyd, 634 F.2d 874 (5th Cir.1981); deCancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla. 1973); Coleman v. Coleman, 157 Fla. 515, 26 So.2d 445 (1946).
[5] Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla. 1955); Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA), review denied, 392 So.2d 1378 (Fla. 1980).
[6] Gann v. Levitt & Sons, Inc., 193 So.2d 200 (Fla. 4th DCA 1966); City of Coral Gables v. Brasher, 132 So.2d 442 (Fla.3d DCA 1961).