Filed 5/14/26  Potts v. Kern Allergy Medical Clinic CA5

### <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JASMINE POTTS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KERN ALLERGY MEDICAL CLINIC,<br><br>    Defendant and Respondent. | F089210<br><br>(Super. Ct. No. BCV-24-101925)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>[NO CHANGE IN JUDGMENT] |

**THE COURT:**

It is ordered that the nonpublished opinion filed herein on April 24, 2026, be modified as follows:

On page 18, the last sentence of the paragraph under the heading "**DISPOSITION**" beginning with "Kern Allergy" and ending with "costs on appeal" is deleted in its entirety and replaced with the following sentence and footnote 6:

Kern Allergy Medical Clinic is entitled to its costs on appeal.[1]

Except for the modification set forth above, the opinion previously filed remains unchanged.  This modification does not effect a change in the judgment.

Appellant Potts's petition for rehearing filed on April 27, 2026, is denied.

---

[1]    We express no opinion as to whether the trial court may consider appellant's ability to pay in awarding allowable costs on appeal.

DE SANTOS, J.

WE CONCUR:

DETJEN, Acting P. J.

MEEHAN, J.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JASMINE POTTS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KERN ALLERGY MEDICAL CLINIC,<br><br>    Defendant and Respondent. | F089210<br><br>(Super. Ct. No. BCV-24-101925)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Gregory A. Pulskamp and Bernard C. Barmann, Jr., Judges.

Jasmine Potts, in pro. per., for Plaintiff and Appellant.

Law Offices of LeBeau • Thelen and Alan J. Mish for Defendant and Respondent.

-ooOoo-

Plaintiff and appellant Jasmine Potts, who was self-represented below and is self-represented on appeal, filed a first amended complaint (FAC) against Kern Allergy Medical Clinic, among other defendants.  The trial court sustained Kern Allergy Medical Clinic's demurrer to the FAC, without leave to amend.  Subsequently, Potts moved to disqualify the judge who sustained the demurrer, and the judge recused himself in response.  The case was thereafter reassigned to a different judge.  Potts then filed a motion to vacate the prior order sustaining the demurrer.

Potts challenges on appeal the original judge's *denial of leave to amend*, upon sustaining the demurrer to the FAC.  Potts also challenges the ruling by the judge to whom the case was reassigned, denying her motion to vacate the prior order sustaining the demurrer.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

*The Operative Complaint*

On June 11, 2024, Potts filed a civil complaint in the Kern County Superior Court. The complaint named Kern Medical Center and its outpatient clinics, Kern Allergy Medical Clinic, and Laboratory Corporation of America Holdings as defendants.  On July 3, 2024, Potts filed the FAC, which is the operative complaint in this matter.  The FAC named as defendants, Kern Medical Center and its outpatient clinics; Kern Allergy Medical Clinic; Laboratory Corporation of America Holdings; and WestPac, Labs, Inc.

The FAC alleged that starting in March 2024, Potts sought medical care for herself and her children because "she was sick, as were her children, and [she] suspected it was due to mold in her apartment."  Initially, Potts obtained medical care for herself and her children at Kern Medical Center and its associated clinics.  Eventually, Potts sought and obtained specialized allergy care at the Delano office of Kern Allergy Medical Clinic for herself and all four of her children "for suspected mold exposure."

As to Potts's own treatment, the FAC merely states:  "On April 3, 2024, Jasmine Potts was seen by Amber Piercy FNP at Kern Allergy.  She ordered skin testing and a breathing test.  [Potts] expressed confusion about the nut allergy results.  Piercy stated, 'When you're sick, the test can read false positives,' and advised against another allergy panel when [Potts] inquired about a retest."

With regard to Potts's children, the FAC alleges the children saw care providers at Kern Allergy Medical Clinic on April 10 and April 12, 2024.  The providers ordered allergy tests or "blood allergy panels" for all four children; "a breathing test" was also

2.

ordered for one child. The blood panel tests were performed at an unrelated lab. Potts and the child for whom a breathing test was ordered, both underwent breathing tests.

At follow-up appointments with Kern Allergy Medical Clinic providers on May 17 and May 24, 2024, the children received printouts of the results of their respective blood panel tests. However, a few pages were missing from the test results provided to each child.[2] The May 24, 2024 appointment was with Dr. Tonny Tanus, who also provided the results of the breathing tests taken by Potts and one of her children. In this regard, the FAC alleges: "On May 24, 2024, Jasmine Potts and [P.G.] were seen by [Dr. Tanus], who provided results for the breathing test.… Dr. Tanus indicated it was safe to say [that] mold was the cause of [Potts's] sickness and we could assume the same for the children[,] but that he could not provide direct confirmation because they did not do skin testing."

Potts requested a "letter on formal letterhead" regarding her exposure to mold and picked it up on May 29, 2024. According to the FAC, Potts was not satisfied with the letter Dr. Tanus provided and requested a more definitive letter. The FAC alleges that Potts received a response through Kern Allergy Medical Clinic's patient portal on May 31, 2024, as follows: " 'Hello, Jasmine, we received your message through the portal, unfortunately we can't provide you with that letter you are requesting. Mold is not the only cause of your symptoms as you are very allergic to other things.' " In response to a further communication from Potts, Kern Allergy Medical Clinic repeated on June 3, 2024: "[Dr. Tanus] is saying it is not just the molds as you are really allergic to many other things."

---

**2**     The FAC alleges that on April 29, 2024, Potts had received the complete blood panel test results for all the children by email from WestPac Labs, Inc., the entity that conducted the blood panel tests for her children. As noted, WestPac Labs, Inc., is also a defendant in this matter.

Shortly thereafter, on June 11, 2024, Potts filed the complaint against Kern Allergy Medical Clinic and the other defendants, initiating the instant matter, followed by the FAC on July 3, 2024. The FAC asserted seven causes of action; however, it did not specify to which defendant or defendants each cause of action pertained. The causes of action alleged violations of, respectively: (1) Health and Safety Code sections 123100 to 123149.5 (full chapter: patient access to health records); (2) Business and Professions Code section 2266 (requiring preservation of medical records by physicians and surgeons for seven years); (3) Civil Code section 56 (entire Confidentiality of Medical Information Act (CMIA)); (4) Business and Professions Code section 810 (prescribing disciplinary action for false or fraudulent claims by healthcare professionals); (5) Civil Code section 1710 (deceit); (6) Penal Code section 471.5 (codifying misdemeanor offense of falsifying medical records with fraudulent intent); and (7) California Code of Regulations, title 22, section 70707 (requiring hospitals to adopt and publicly post list of patients' rights).

The FAC's prayer for relief requested, inter alia, "compensatory damages in an amount to be determined at trial"; "punitive damages in an amount sufficient to punish Defendant [*sic*] for their wrongful conduct and deter future misconduct"; and "injunctive relief requiring Defendant [*sic*] to comply with all applicable laws and regulations governing medical records and patient rights."

***Potts's Unsuccessful Attempts to Take Kern Allergy Medical Clinic's Default***

On November 21, 2024, Potts filed a proof of service showing the summons and *original June 11, 2024 complaint* were served on Kern Allergy Medical Clinic on September 17, 2024. On the same day she filed the above proof of service, Potts filed an application for entry of default and court judgment as to Kern Allergy Medical Clinic. Subsequently, on December 3, 2024, Potts filed a proof service showing the original summons and *FAC* were served on Kern Allergy Medical Clinic on September 17, 2024.

However, on December 5, 2024, Potts's application for entry of default was denied by the trial court clerk because (1) the application requested default on the original

4.

June 11, 2024 complaint, *not the FAC*; (2) a statement of damages had not been served on Kern Allergy Medical Clinic; (3) specified parts of the application for entry of default had not been completed; (4) a required declaration attesting that a copy of the application had been mailed to defendant's attorney of record, or, if none, to defendant's last known address was unsigned; (5) the application did not provide requisite particulars as to the requested judgment; and (6) the application was served on a nonparty to the action.[3]

On December 13, 2024, Potts filed an application for entry of default on *the FAC*. The trial court clerk denied this application for entry of default on grounds it was "incomplete for service," as the application was only served on Dr. Tonny Tanus, a nonparty to the action.

### Kern Allergy Medical Clinic Appears in Action by Filing Demurrer to FAC

On December 18, 2024, Kern Allergy Medical Clinic filed a demurrer to the FAC. Potts filed an opposition to the demurrer on December 20, 2024. Kern Allergy Medical Clinic filed a reply on January 13, 2025. The trial court, Judge Gregory Pulskamp, heard argument on the demurrer on January 21, 2025. The court issued, the same day, its ruling in a minute order: "Defendant Kern Allergy Medical Clinic's Demurrer to [Potts's FAC] is sustained without leave to amend. The Court finds that each ground raised is meritorious and controlling. [Potts] lacks standing to sue on her children's behalf and the facts alleged do not give rise to any claim against this Defendant."

### Potts's Motion to Disqualify Judge Gregory A. Pulskamp

On January 27, 2025, Potts moved to disqualify Judge Pulskamp from the case pursuant to Code of Civil Procedure section 170.1, subdivision (a)(6)(A). On January 30, 2025, Judge Pulskamp recused himself from the case pursuant to Code of Civil Procedure

---

[3] Potts's application for entry of default and request for court judgment reflects it was served on Dr. Tonny Tanus, among others.

section 170.1, subdivision (a)(6)(A)(i), in the "interests of justice."  The case was thereafter reassigned to Judge Bernard C. Barmann, Jr.

***Potts's Ex Parte Application to Vacate Order Sustaining Kern Allergy Medical Clinic's Demurrer to FAC***

On February 4, 2025, Potts filed an "ex parte application to vacate order sustaining [Kern Allergy Medical Clinic's] demurrer."  (Capitalization omitted.)  On February 5, 2025, Pott filed a "revised ex parte application to vacate order sustaining [Kern Allergy Medical Clinic's] demurrer."  (Capitalization omitted.)  In her revised ex parte application, Potts stated:  "Plaintiff JASMINE POTTS … does apply to this Court ex parte for an order vacating the Court's ruling sustaining Defendant's Demurrer on the following grounds:  [¶]  1.  The ruling was issued by a judge who later recused himself under CCP § 170.6, rendering the ruling voidable.  A ruling by a judge who is later disqualified is subject to being set aside, as the judge lacked authority to issue a binding decision.  [¶]  2.  Defendant was in default when it filed the Demurrer, making the ruling improper under CCP § 585 and CRC Rule 3.110(g).  Under California law, a defendant in default is barred from filing any responsive pleading unless relief from default is granted. No such relief was sought or granted in this case."

On February 20, 2025, Potts filed a "notice of errata regarding plaintiff's revised ex parte application to vacate order sustaining defendant's demurrer."  (Capitalization omitted.)  In her notice of errata, Potts clarified:  "Plaintiff inadvertently cited **California Code of Civil Procedure [section] 170.6** instead of the correct provision, **California Code of Civil Procedure [section] 170.1[, subdivision] (a)(6)(A)(i)**, in the … application."  (Boldface in original.)

On February 7, 2025, Judge Barmann held a hearing on Potts's ex parte application.  Potts appeared at the hearing, as did counsel for Kern Allergy Medical Clinic.  Judge Barmann construed the ex parte application as an ex parte application for an order shortening time and motion to vacate Judge Pulskamp's order granting Kern

6.

Allergy Medical Clinic's demurrer to the FAC. As reflected in a minute order issued after the hearing, Judge Barmann *granted* Potts's ex parte application for an order shortening time and set a hearing on the motion to vacate order sustaining demurrer for February 27, 2025. Judge Barmann ordered Kern Allergy Medical Clinic to file and serve its opposition to the motion by February 14, 2025. He further ordered Potts to file and serve her reply by February 20, 2025.

On February 25, 2025, the court continued, on its own motion, the hearing on Potts's motion or request to vacate order sustaining demurrer from February 27, 2025, to March 5, 2025, "[d]ue to unavailability of a court reporter."

On March 5, 2025, Judge Barmann held a hearing on Potts's motion to vacate order sustaining demurrer. After the matter was submitted, Judge Barmann ruled, as reflected in a minute order: "Plaintiff's motion to vacate order sustaining defendant's demurrer is denied." (Some capitalization omitted.) Judge Barmann's ruling in full, reads as follows:

"<u>Whether the Judgement is Voidable</u>

"Plaintiff contends the Court must vacate the order due to judicial disqualification (CCP 170.6, CCP 170.3). Defendant cites to CCP 170.3(b)(4) arguing that the code section on its face says the ruling made by Judge Pulskamp on the [d]emurrer is valid. It is not voidable. Plaintiff cites no authority other than the code section itself that because Judge Pulskamp later disqualified himself that his ruling on the [d]emurrer is void or voidable.

"CCP 170.3(b)(4) states,

"(4) If grounds for disqualification are first learned of or arise after the judge has made one or more rulings in a proceeding, but before the judge has completed judicial action in a proceeding, the judge shall, unless the disqualification be waived, disqualify himself or herself, but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge.

7.

"In the instant case, Plaintiff does not allege a bias and suggests that because Judge Pulskamp recuses himself[,] the judgement is void. However, Plaintiff has not argued any reasons for good cause that the order should be set aside. There is no basis to set aside the order sustaining the demurrer based on Judge Pulskamp's recusal.

"Whether Defendant was in Default when the Demurrer was filed

"Plaintiff contends Defendant Kern Allergy was in default when it filed the demurrer making the ruling improper under CCP 585 and CRC Rule 3.110(g). Plaintiff contends her Request for Entry of Default was repeatedly submitted with necessary corrections and wrongfully refused processing by the court clerk, despite Plaintiff's compliance with statutory requirements.

"It appears Plaintiff attempted to file a default as to Kern Allergy on November 21, 2024, December 13, 2024, and January 10, 2025.[4] Default was not entered due to errors with Plaintiff's forms. It is apparent that Plaintiff attempted to file defaults, but she was unsuccessful before Defendant Kern Allergy filed a demurrer on December 18, 2024. *Plaintiff's argument in the reply suggests that Defendant was automatically in default when they failed to [timely file] a response. However, default is not automatic. Here, the Court was with[in] its authority to rule on the demurrer even if it was filed outside of the 30-day period [to respond to the FAC], as there was no default [entered].* To Plaintiff's argument that the defaults were wrongfully refused, the Court sees no obvious errors." (Italics added.)

Judge Barmann further ordered, in light of the underlying order sustaining Kern Allergy Medical Clinic's demurrer without leave to amend, that "[j]udgment be entered in favor of Defendant Kern Allergy Medical Clinic [and] against Plaintiff Jasmine Potts." This appeal followed.

---

**4** The record on appeal does not contain an application for entry of default filed by Potts on January 10, 2025. However, the register of actions shows that on January 10, 2025, a request by Potts for entry of default was denied because, among other things, Kern Allergy Medical Clinic had already appeared in the case by filing, on December 18, 2024, a demurrer to the FAC.

## DISCUSSION

### I. TRIAL COURT PROPERLY CONSIDERED KERN ALLERGY MEDICAL CLINIC'S DEMURRER TO FAC BECAUSE NO DEFAULT HAD BEEN ENTERED WHEN IT WAS FILED

Potts contends the trial court erred in considering Kern Allergy Medical Clinic's demurrer to the FAC. We disagree.

Potts argues: "Under Code of Civil Procedure section 585[, subdivision] (a), a defendant who fails to timely respond is in default and loses the right to file further pleadings, including a demurrer. Respondent Kern Allergy Medical Clinic was served on September 17, 2024, and its deadline to respond expired on October 17, 2024. [Citation.] Appellant filed a Request for Entry of Default on November 21, 2024 [citation], and again on December 13, 2024, after correcting clerical errors identified by the court. [Citation.] [Kern Allergy Medical Clinic] did not file a motion for relief from default under Code of Civil Procedure section 473, yet was permitted to file a demurrer on December 18, 2024. [Citation.] The trial court erred in allowing that filing to proceed."

Here, the record is clear that Potts's attempts to take Kern Allergy Medical Clinic's default were unsuccessful because of deficiencies in her forms, as well as improper service or lack of service of both her November 21, 2024 application for entry of default and her December 13, 2024 application for entry of default.

Code of Civil Procedure section 587 provides: "An application by a plaintiff for entry of default under subdivision (a), (b), or (c) of Section 585 … shall include an affidavit stating that a copy of the application has been mailed to the defendant's attorney of record or, if none, to the defendant at his or her last known address and the date on which the copy was mailed." Code of Civil Procedure section 587 further provides: "No default under subdivision (a), (b), or (c) of Section 585 … shall be entered, unless the affidavit is filed."

9.

"[Code of Civil Procedure section 587] was enacted 'to prevent the taking of default against an unwary litigant.' " (*Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89, 106; 7 Witkin, Cal. Procedure (7th ed. 2026) Proceedings Without Trial, § 201 ["The application [for entry of default] must be accompanied by an affidavit of notice to the defendant."].) "Furthermore, a party applying for a default judgment is required to use a form document that includes a declaration that the completed form has been mailed to the defendant's counsel of record." (*Bae*, at p. 106; Cal. Rules of Court, rule 3.1800(a); Judicial Council form No. CIV-100; 7 Witkin, Cal. Procedure (7th ed. 2026) Proceedings Without Trial, § 201.)

With regard to the application for entry of default filed by Potts on November 21, 2024, while Potts used Judicial Council form No. CIV-100, she did not sign the requisite declaration attesting that the completed form was mailed to defendant's attorney of record, or, if none, to defendant's last known address. The record reflects that Potts was aware, at least by November 26, 2024, that Kern Allergy Medical Clinic was represented by attorney Alan Mish, as on that date Mish informed her, by email and letter, that he had been retained to represent Kern Allergy Medical Clinic. Subsequently, on December 9, 2024, Potts called Mish on the phone to discuss the case as well. Yet, when Potts filed her second application for entry of default on December 13, 2024, she did not mail a copy of the application to Mish, nor even to Kern Allergy Medical Clinic, as required by Code of Civil Procedure section 587; rather, Potts mailed a copy of the application to Dr. Tonny Tanus, a nonparty to the action. Given the deficiencies in Potts's successive applications for entry of default, the trial court clerk properly declined to enter default as to Kern Allergy Medical Clinic.

On December 18, 2024, Kern Allergy Medical Clinic responded to the FAC by filing a demurrer. Since default had not been entered, Kern Allergy Medical Clinic's demurrer was appropriately accepted for filing and the trial court could properly consider it. (See *Goddard v. Pollock* (1974) 37 Cal.App.3d 137, 141 ["[I]t is now well established

10.

by the case law that where a pleading is belatedly filed, but at a time when a default has not yet been taken, the plaintiff has, in effect, granted the defendant additional time within which to plead and he is not strictly in default."]; *Jackson v. Doe* (2011) 192 Cal.App.4th 742, 749 ["[T]he trial court had discretion to consider [the] defendant's untimely demurrer."]; Code Civ. Proc., § 473, subd. (a)(1) ["The court may, in furtherance of justice, and on any terms as may be proper … enlarge the time for answer or demurrer."].)

## II. POTTS HAS NOT ESTABLISHED THAT JUDGE PULSKAMP'S ORDER SUSTAINING KERN ALLERGY MEDICAL CLINIC'S DEMURRER MUST BE SET ASIDE

Potts next contends that Judge Pulskamp's order sustaining Kern Allergy Medical Clinic's demurrer to the FAC must be set aside. We are not persuaded.

Potts argues: "The trial court's January 21, 2025 order sustaining the demurrer without leave to amend was issued by Judge Gregory Pulskamp. [Citation.] On January 27, 2025, Appellant timely filed a [p]eremptory [c]hallenge under Code of Civil Procedure section 170.6, which was granted. [Citation.] Judge Pulskamp recused himself, and the matter was reassigned to Judge Bernard C. Barmann. [Citation.] Despite the disqualification, the prior ruling was never vacated. Because rulings made by a judge who has been properly disqualified under [Code of Civil Procedure] section 170.6 are voidable, the failure to nullify the order constitutes reversible error."

Here, Judge Pulskamp sustained Kern Allergy Medical Clinic's demurrer without leave to amend on January 21, 2025. Thereafter, on January 27, 2025, Potts moved to disqualify Judge Pulskamp from the case pursuant to Code of Civil Procedure section 170.1, subdivision (a)(6)(A). On January 30, 2025, Judge Pulskamp recused himself from the case pursuant to Code of Civil Procedure section 170.1, subdivision (a)(6)(A)(i), in the "interests of justice." The case was thereafter reassigned to Judge Bernard Barmann, Jr.

11.

Code of Civil Procedure section 170.3, subdivision (b)(4) provides: "If grounds for disqualification are first learned of or arise after the judge has made one or more rulings in a proceeding, but before the judge has completed judicial action in a proceeding, the judge shall, unless the disqualification be waived, disqualify himself or herself, *but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge.*" (Italics added.)

In extremely brief fashion, Potts simply asserts that Judge Pulskamp's ruling must be set aside. She does not even argue there was good cause to set aside Judge Pulskamp's ruling, let alone make a showing of good cause to do so. Nor does she supply any other developed argument or relevant authorities to support her bare assertion that Judge Pulskamp's ruling must be set aside. Potts has not met her burden to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [it is appellant's burden to affirmatively show error]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["conclusory claims of error will fail"].) Furthermore, here the final order and judgment entered on March 5, 2025, in favor of Kern Allergy Medical Clinic and against Jasmine Potts, based on sustainment of the underlying demurrer without leave to amend, was signed by Judge Barmann, not Judge Pulskamp.

We conclude Potts has not established that Judge Pulskamp's order sustaining Kern Allergy Medical Clinic's demurrer must be set aside. (See *Hernandez v. Vitamin Shoppe Industries Inc*. (2009) 174 Cal.App.4th 1441, 1450 [judge's ruling at hearing was valid even though comments that led to prospective disqualification for appearance of bias were made at that hearing].)

## III. TRIAL COURT DID NOT ERR IN CONSTRUING POTTS'S EX PARTE APPLICATION TO VACATE RULING ON DEMURRER AS A REQUEST FOR AN ORDER SHORTENING TIME AND MOTION TO VACATE RULING

Potts contends Judge Barmann erred in construing her ex parte application to vacate the ruling on Kern Allergy Medical Clinic's demurrer to the FAC as a request for

an order shortening time and motion to vacate ruling on demurrer, rather than immediately ruling on the application's merits. Potts has not shown error, let alone prejudicial error.

Potts argues: "Following Judge Pulskamp's disqualification, Appellant filed an *Ex Parte* Application on February 4, 2025, requesting that the January 21, 2025 ruling be vacated. [Citation.] The application was not opposed by Respondent. However, rather than rule on the request, the trial court erred and issued an Order Shortening Time and directed [Kern Allergy Medical Clinic] to file an opposition. [Citation.] The court's minutes falsely attributed the OST request to Appellant, when no such request was made." Potts contends the court's actions "constitute serious procedural irregularities."

Potts filed her "revised ex parte application to vacate order sustaining [Kern Allergy Medical Clinic's] demurrer" on February 5, 2025. (Capitalization omitted.) Judge Barmann held a hearing on the ex parte filing on February 7, 2025. Potts and Kern Allergy Medical Clinic's counsel appeared at the hearing. The court construed Potts's ex parte filing as a request for an order shortening time and motion to vacate the prior order sustaining Kern Allergy Medical Clinic's demurrer. The court granted the request for an order shortening time and set a briefing schedule for an opposition to the motion and reply. Subsequently, on March 5, 2025, the court held a hearing on the motion to vacate ruling on demurrer and denied it.

We find nothing improper about the trial court's course of action with respect to Potts's ex parte filing. Potts has not established that the court was required to rule on her application on an ex parte basis. (See Cal. Rules of Court, rules 3.1200–3.1207.) Nor do we see any abuse of discretion in the court's decision to construe the ex parte filing as a request for an order shortening time and a motion to vacate the ruling on demurrer.

Furthermore, Potts has not provided a reporter's transcript of the February 7, 2025 hearing. Without the reporter's transcript of the hearing, we are left with an inadequate

13.

record as to the matter.  (See *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [appellant failed to secure a hearing transcript, resulting in an inadequate record].)

We conclude Potts has not established error as to the trial court's decision to construe her ex parte application to vacate the order sustaining Kern Allergy Medical Clinic's demurrer as a request for an order shortening time and motion.

## IV. POTTS LACKS STANDING TO BRING CLAIMS ON BEHALF OF HER CHILDREN

As a general matter, Potts does not have standing to bring claims on behalf of her children.  "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute."  (Code Civ. Proc., § 367; *Cloud v. Northrop Grumman Corp*. (1998) 67 Cal.App.4th 995, 1004 [same].)  The real party in interest is " 'the person possessing the right sued upon by reason of the substantive law.' " (*Ventura County Ry. Co. v. Hadley Auto Transport* (1995) 38 Cal.App.4th 878, 880; *Limon v. Circle K Stores Inc*. (2022) 84 Cal.App.5th 671, 691 ["Generally speaking, a party lacks standing to assert a claim that belongs to another person."]; see Fam. Code, § 6601 ["A minor may enforce the minor's rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings."].)  "Without standing, there is no actual or justiciable controversy, and courts will not entertain such cases."  (*Clifford S. v. Superior Court* (1995) 38 Cal.App.4th 747, 751; *Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2006) 136 Cal.App.4th 119, 128 ["Standing goes to the existence of a cause of action."].)

Nor can Potts, who is not a lawyer, represent her children in a lawsuit, in propria persona.  (*J.W. v. Superior Court* (1993) 17 Cal.App.4th 958, 969 ["We conclude that the mother may not be permitted to act in propria persona as guardian ad litem for her ward in the court proceedings she seeks to institute."].)

14.

Potts, however, asserts that she can properly bring a claim against Kern Allergy Medical Clinic under Health and Safety Code sections 123120 and 123110, to the extent the clinic blocked her access to her children's medical records. Potts argues: "Health and Safety Code section 123110[, subdivision ](a) provides that 'any patient or patient's representative shall be entitled to inspect patient records.' [Health and Safety Code] [s]ection 123105[, subdivision ](e)(1) defines 'representative' to include 'a parent or legal guardian of a minor patient.' Appellant, as the natural mother and custodial parent, had both statutory and constitutional authority to request, inspect, and pursue claims arising from violations of her children's medical privacy and access rights."

Health and Safety Code section 123120 states that a patient or patient's representative may "bring an action against the health care provider to enforce the obligations prescribed by [Health and Safety Code] [s]ection 123110." Health and Safety Code section 123110 provides for a patient, or a patient's representative, to inspect and copy the patient's medical records upon request to the relevant health care provider.

Specifically, Health and Safety Code section 123110, subdivision (a), cited by Potts, provides: "[A]ny adult patient of a health care provider, any minor patient authorized by law to consent to medical treatment, and any patient's personal representative shall be entitled to inspect patient records *upon presenting to the health care provider a request for those records and upon payment of reasonable costs* …. A health care provider shall permit this inspection during business hours *within five working days after receipt of the request*. The inspection shall be conducted by the patient or patient's personal representative requesting the inspection." (Italics added.)

Potts appears to suggest that she is her children's representative for purposes of bringing a claim pursuant to Health and Safety Code section 123120. (See Health & Saf. Code, § 123105, subd. (e)(1).) Potts further suggests that she has standing to bring a claim under Health and Safety Code 123120 based on a violation by Kern Allergy Medical Clinic of Health and Safety Code section 123110, subdivision (a), in relation to

15.

her own medical records or those of her children.  However, the FAC does not allege that Potts submitted a request to Kern Allergy Medical Clinic to inspect her medical records or those of her children and that Kern Allergy Medical Clinic denied her request to inspect the records.  Accordingly, regardless of Potts's potential standing to bring the claim, the FAC does not allege facts sufficient to state a cause of action under Health and Safety Code sections 123110, subdivision (a) and 123120.

## V.    TRIAL COURT CONSIDERED POTTS'S OPPOSITION TO DEMURRER

Potts contends she submitted an opposition to Kern Allergy Medical Clinic's demurrer, but the trial court appeared to not have considered it.  We are not persuaded.

Potts argues:  "In [her] opposition [to Kern Allergy Medical Clinic's demurrer,] Appellant raised objections that the demurrer was improperly filed by a party in default, that [Kern Allergy Medical Clinic] had failed to seek or obtain relief under Code of Civil Procedure section 473, and that the demurrer was unsupported by evidence and mischaracterized the allegations in the complaint."  Potts contends:  "The trial court … erred [in] its refusal to address or rule on Appellant's opposition."

As discussed above, despite repeated attempts, Potts had not actually taken Kern Allergy Medical Clinic's default when the latter filed its demurrer.  Thus, Kern Allergy Medical Clinic's demurrer was properly accepted for filing.  Moreover, since Kern Allergy Medical Clinic was not in default, it had no need to seek relief from default under Code of Civil Procedure section 473 prior to filing its demurrer.

As for Potts's complaint that the demurrer was unsupported by evidence, it is unavailing because a demurrer is directed to the face of the complaint.  (See, e.g., *Harden v. Superior Court* (1955) 44 Cal.2d 630, 636 ["A demurrer reaches only matters appearing on the face of the pleading to which it is directed."]; *Bocanegra v. Jakubowski* (2015) 241 Cal.App.4th 848, 856 ["A demurrer is directed to the face of a complaint … and it raises only questions of law."].)  In short, Potts's contentions lack merit.

16.

## VI. POTTS HAS NOT ESTABLISHED THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING LEAVE TO AMEND WHEN IT GRANTED KERN ALLERGY MEDICAL CLINIC'S DEMURRER

In an extremely short and conclusory argument, Potts argues "the trial court abused its discretion in denying leave to amend." Potts has not established an abuse of discretion on the court's part.

It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend "if there is a reasonable possibility the plaintiff can amend the complaint to allege any cause of action." (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711 (*Smith*); see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "To prove such abuse of discretion, however, the plaintiff must demonstrate how the complaint can be amended. [Citation.] While such a showing can be made for the first time to the reviewing court [citation], it must be made." (*Smith*, at p. 711.) "To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' " (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) While amendments are generally liberally permitted, "[n]othing in this policy of liberal allowance … requires an appellate court to hold that the trial judge has abused his discretion if on appeal the plaintiffs can suggest no legal theory or state of facts which they wish to add by way of amendment." (*HFH, Ltd. v. Superior Court* (1975) 15 Cal.3d 508, 513, fn. 3 [" '[T]he burden is on the plaintiff to demonstrate that the trial court abused its discretion.' "].)

Here, Potts makes only general, vague, and conclusory assertions as to how she could potentially cure the deficiencies in the FAC. For example, Potts states that had the trial court granted leave to amend, she "could have clarified the specific causes of action asserted against Kern Allergy Medical Clinic and expanded the factual basis for each claim." Potts has not met her burden on appeal to show that the deficiencies in the FAC can be cured by amendment. In turn, we conclude Potts has not established that the court

17.

below abused its discretion in denying leave to amend when it sustained Kern Allergy Medical Clinic's demurrer to the FAC.

## VII. POTTS'S CLAIM REGARDING AN ENTIRELY DIFFERENT DEFENDANT IS UNAVAILING

Finally, Potts contends the trial court's sustainment of the demurrer of another defendant, Laboratory Corporation of America Holdings, "was issued under similarly prejudicial circumstances, with the court disregarding meritorious opposition from Potts] and cutting off her ability to amend."  Potts appears to be making a "cumulative error" argument.  However, such an argument is misplaced and Potts's reliance on the court's rulings as to an unrelated defendant is unavailing.[5]

### DISPOSITION

The judgment is affirmed.[6]  Kern Allergy Medical Clinic is awarded its costs on appeal.

DESANTOS, J.

WE CONCUR:


DETJEN, Acting P. J.


MEEHAN, J.

---

[5]    To the extent Potts raises new arguments for the first time in her reply brief, we decline to consider them.  (See *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 591, fn. 3 [" 'Normally, a contention may not be raised for the first time in a reply brief.' "].)

[6]    Potts filed her notice of appeal in this matter on January 22, 2025.  Judgment in favor of Kern Allergy Medical Clinic was entered on March 5, 2025.  We have construed Potts's notice of appeal as applying to the judgment entered on March 5, 2025.

18.